## BANK OF THE STATE OF ALABAMA v. WHITLOW.

1. The indorser of a bill of exchange, being sued on his indorsement, pleaded that the bill was made to be negotiated to the plaintiff; that the consideration of the defendant's indorsement was the previous deposit, by the drawer, of ten bales of cotton in the ware-house at D; for which, at the time of the negotiation of the bill, he gave the plaintiff the receipt of, or order upon, the ware-house keeper. *Further.* that the cotton was of the value of one thousand dollars; that the plaintiff agreed with the defendant to take and sell the same, and apply the proceeds thereof to the discharge of the bill before the defendant should be called on to discharge any part of it—All which the plaintiff has failed to do: *Held*, 1. It cannot be assumed, that the arrangement between the plaintiff and drawer, was not in writing. 2. That the plea would tolerate the admission of evidence to bar the action; though it might, perhaps, be competent for the plaintiff to show the removal or destruction of the cotton, so that it could not be obtained.

2. The protest of a notary public is admissible evidence, in an action on the bill of exchange to which it refers, although a witness may testify that he is acquainted with the notary's hand-writing, and does not believe the signature to the protest was written with his hand.

WRIT of Error to the County Court of Tuskaloosa.

This was a proceeding by notice and motion. under the statute, at the suit of the plaintiff in error against the defendant, as the indorser of a bill of exchange drawn by R. J. Inge, at Tuskaloosa, on the 1st of October, 1838, for the sum of five hundred dollars,

payable at twelve months after date. The defendant pleaded, 1. *Non assumpsit.* 2. That the bill in question was made to be sold to the plaintiff, under the terms and regulations under which the Bank agreed to advance their bills upon cotton, to wit, "upon the 23d of October, 1838, at the place, &c." that the defendant indorsed the bill at the request, and for the accommodation and exclusive benefit of the drawer; of all which the plaintiff had notice at the time of its purchase, at, to wit, &c. That the consideration and inducement of the defendant to indorse the bill was, that the drawer had before that time, to wit, on the 23d of October, 1838, deposited ten bales of cotton in the ware-house at Demopolis, and at the time of the negotiation of the bill, gave the plaintiff the receipt of, or order upon the ware-house keeper, for the same. It is then alleged, that the cotton was of the value of one thousand dollars; and further, that the plaintiff agreed with the defendant to take and sell the same and apply the proceeds thereof to the discharge of the bill before the defendant should be called on to discharge any part of it—all of which the plaintiffs have failed to do; and the defendant is ready to verify, &c. On the first plea, the plaintiff took issue, and to the second he demurred; his demurrer being overruled, he replied, that although it was agreed to take and receive of the drawer of the bill, the cotton in the plea mentioned, yet when the time had arrived for the demand and delivery of the same, it was demanded according to order of the ware-house keeper, and a delivery refused, &c. Issue being joined upon the replication, the cause was submitted to a jury, who returned a verdict for the defendant, and judgment was thereupon rendered. From a bill of exceptions sealed at the trial, it appears, that in order to prove the fact of the protest of the bill of exchange upon which the action is founded, the plaintiff offered in evidence, a formal protest signed thus, "J. H. Adams, Notary Public." It appeared that a seal of metal, or other hard substance, had been impressed upon the paper about the place where notaries usually put their seals to such official acts; but the entire device of the seal was not legible. The defendant then proved, by a witness, that he had seen the notary, J. H. Adams, who is now dead, frequently write, and knew his hand writing, that he did not believe the signature to the protest to be in his hand writing; if it was, it was unlike what he had seen him write. To the admission of this evidence, the plaintiff objected,

but his objection was overruled; thereupon, the court excluded the protest, and plaintiff excepted, &c.

B. F. PORTER, for the plaintiff in error.—The demurrer to the second plea, should have been sustained, because it does not show that the plaintiff was a party to the agreement under which the defendant indorsed the bill, and for the further reason,. that the plea sets up a parol agreement to defeat a written contract.

The notarial protest was improperly excluded from the jury— the proof went merely to question the genuineness of the signature without denying the seal of the notary. But be this as it may, the court should not have taken upon itself to decide against the protest; it should rather have been left to the jury to determine upon the sufficiency of the evidence.

It is not necessary that a notary should subscribe a protest with his own hand—it may be signed by a clerk, or the signature may be printed, or even omitted entirely, if the seal is undisputed. [25 Am. Jurist, 350.]

E. W. PECK and W. COCHRAN, for the defendant.—The effect of the agreement set out in the second plea was, to place the cotton under the control of the Bank, and whenever the ware-houseman's receipt was delivered to the plaintiff, the pledge became complete. If the cotton was not delivered on demand, the plaintiff should have proceeded against the ware-house keeper, and cannot charge the defendant until this remedy has been pursued. The Bank gave no notice of the refusal to deliver the cotton, and made no effort to rescind the contract for its shipment; and it must be considered as still continuing.

The duties of a notary cannot be performed by a clerk or other person; and it is not only necessary that he should seal a protest, but he must sign it also. [The Onandaga county Bank v. Bates, 3 Hill's Rep. 53.]

COLLIER, C. J.—1. It was not necessary that the defendant should have participated in the arrangement made in respect to the cotton, between the plaintiff and the drawer of the bill. The bill was negotiated by the bank at the instance of the drawer; and although the legal title is deduced immediately through the defendant, he never received value for it, and may

18

set up any defence arising out of the circumstances under which it was acquired.

We cannot assume that the transaction between the plaintiff and the drawer, in respect to the cotton, was verbally made. It was not necessary for the plea to be explicit on this point, but it was entirely competent to state the facts without reference to a writing, and then introduce the written evidence, if it exist.

The second plea substantially alleges, that the plaintiff received the receipt of a ware-house-man at Demopolis, for ten bales of cotton deposited in his ware-house, previous to the negotiation of the bill, by the drawer; that the cotton was of the value of one thousand dollars; the plaintiff agreed with the defendant to take and sell the cotton, and apply the proceeds thereof to the payment of the bill, before he should be called on for the payment of any part of it—all which, the plaintiff had failed to do. This plea would admit proof, which in the absence of countervailing evidence, would furnish a bar to the action, and was, therefore, rightly sustained. But, whether it would not be competent for the plaintiff to show the destruction of the cotton, its removal by either the drawer or the defendant, or by some one having a paramount claim, in the present aspect of the case, it is unnecessary to consider.

2. Treating of the evidence necessary to authorise a recovery against the drawer or indorser of a bill, Mr Chitty says, "A protest apparently under the seal of a notary public, and made abroad, need only be produced, and proves itself without showing by whom it was made." [Chitty on Bills, 9 Am. ed. 642.]— At the common law, the protest of an inland bill was not evidence in itself, but required proof to establish the facts recited in it.— But, in this respect, there is no difference in this State between a foreign and an inland bill. The statute declaring, that the protest of a notary of an inland bill of exchange, or other protestable security, setting forth a demand, refusal, non-acceptance, or non-payment, and that notice thereof was given, either personally or otherwise, to the parties entitled thereto, shall be evidence of such facts. [Clay's Dig. 87, § 51, 380, § 9.] The protest in the case at bar, is apparently subscribed and sealed by a notary, commissioned, and resident in this State, and whose official character we must judicially know; and according to the law laid down by the learned author we have cited, it was admissible evidence.—

Upon the protest being read to the jury, it would be competent for the defendant to show, that it is not the act of the notary, whose act it appears to be. The fact that it is subscribed in the hand writing of some one else than the notary, is very unsatisfactory to prove that it is not genuine, for he may have employed an amanuensis. If the impression indicates that it was the seal he was accustomed to use, this should go far in the absence of direct and positive proof, to repel the imputation of spuriousness, whatever might be the evidence in respect to the hand writing.

The case of the Onondaga Bank v. Bates, [3 Hill's Rep. 53,] which was cited by the defendant's counsel, does not sustain the decision of the circuit court. In that case, the court merely determine, that the duties of a notary in the presentment of a promissory note, or a bill of exchange, cannot be performed by his clerk, or a third person; and that a protest stating that the notary *caused* the note to be presented, &c. was insufficient. In the case before us, we have seen that the protest is regular upon its face, and that it was improperly excluded.

The judgment is consequently reversed, and the cause remanded.