SMITH H. MALLORY, REVIVED IN THE NAME OF A. D. MAL-
LORY, SPECIAL ADMINISTRATOR, V. ESTATE OF JOHN
FITZGERALD AND MARY FITZGERALD, ADMINISTRATRIX
OF THE ESTATE OF JOHN FITZGERALD, DECEASED.

FILED JUNE 3, 1903. No. 11,466.

1. **Negotiable Instrument:** ORAL AGREEMENT: EVIDENCE. Where a
note is negotiable in form and by its terms payable on demand,
evidence of a contemporaneous oral agreement, destroying its
negotiability, and making the time of payment contingent on the
happening of an uncertain event, is inadmissible.

2. **Directing Verdict:** EVIDENCE. Where evidence of such agreement
is received over the objection of the party against whom it is
offered, the court may disregard it in determining whether a
verdict should be directed against the party offering it.

3. **Appeal:** ISSUES. On appeal to the district court, the parties are
restricted to substantially the same issues as those upon which
the cause was submitted below.

ERROR to the district court for Lancaster county:
EDWARD P. HOLMES, DISTRICT JUDGE. *Affirmed.*

*Lionel C. Burr, Charles W. Burr, Lorenzo W. Billings-
ley, Robert J. Greene and Richard H. Hagelin,* for plain-
tiff in error.

*James Manahan, contra.*

ALBERT, C.

This case originated in the county court, by the filing
of five promissory notes as a claim against the estate of
John Fitzgerald, deceased, by Smith H. Mallory, whom
we shall hereafter call the plaintiff. The notes, by their
terms, are payable on demand, and bear date of January
16, July 30, September 25, November 22 and November
23, 1888, respectively. The maker of the notes, at the re-
spective dates thereof, and thereafter, to the date of his
death, namely, December 30, 1894, was a resident of this
state. The administratrix of the estate, whom we shall
hereafter call the defendant, filed an answer to the claim

in the county court, urging among other defenses the statute of limitations. In avoidance of that defense, the plaintiff in his reply alleged that the notes were given to him by the maker with the understanding and agreement that payment should not be demanded by the plaintiff until the maker of the notes recovered judgment in a certain action, then pending, wherein such maker was a party; that said judgment was not recovered until the 17th day of November, 1890; and, that no demand for payment was made until the said claim was filed in the county court, as hereinbefore stated. A trial was had, which resulted in an order disallowing the claim. The plaintiff appealed to the district court.

In the district court, to avoid the bar of the statute of limitations, the plaintiff alleged in his petition that, notwithstanding the dates borne by the several notes, they were all executed and delivered at the same time; that soon after they were executed and delivered, it was agreed between the maker of the notes and the plaintiff, that demand of payment of the notes should not be made, until about the 11th day of April, 1896, and that the time of payment thereof, and the interest thereon, should be extended until the maker should recover judgment in a certain action and receive certain money which he claimed to be due him from a third party; that the plaintiff should not sell, transfer or hypothecate the notes, and that the notes should draw seven per cent. interest instead of ten, the rate provided by the terms of the notes; that the maker of the notes did not recover the judgment and receive the money from the third party, which by the terms of the agreement fixed the time for the payment of the notes, until about the 11th day of April, 1896.

At the close of the testimony the court directed a verdict for the defendant, and gave judgment accordingly. The plaintiff brings error.

A considerable portion of the argument is directed to the question, whether the matter pleaded by the plaintiff, in the district court, in avoidance of the statute of limita-

tions, tenders other and different issues than those presented by his pleadings in the county court. But, in view of the evidence on that point, we do not deem it necessary to go into that question. The evidence, introduced by the plaintiff in support of the agreement, is substantially as follows: In the fall of 1889, the notes were prepared by a third party, and left at a bank for the maker to sign. In the forenoon of the same day, the maker called at the bank, signed the notes and left them with the cashier for the defendant, with the understanding that they were to be kept in the bank, not hypothecated and were not to be paid, until he realized on the litigation referred to in the agreement set out in plaintiff's pleadings. In the afternoon of the same day, the plaintiff and the maker of the notes, accompanied by their attorney, called at the bank and got the notes. It appears that the terms upon which the maker had left the notes were not entirely satisfactory, as the plaintiff feared the statute of limitations might run against the notes before the litigation, upon the result of which their time of payment depended, was ended. It was then orally agreed, that the rate of interest should be seven per cent. instead of ten, as expressed in the notes, that demand for payment should not be made until the maker realized on the litigation above mentioned, and that the maker of the notes should waive and not plead the statute of limitations. In consideration of this agreement, the plaintiff paid the maker of the notes one dollar. This evidence was introduced over the objection of the defendant to any testimony of a contemporaneous oral agreement, contradicting or varying the terms of the notes, or changing the issues raised in the court below. By the terms of the notes, they are payable on demand, with interest at ten per cent. per annum, and are negotiable in form. By the terms of the oral agreement, their negotiability is destroyed, and their time of payment and their payment itself, are made contingent on the happening of an uncertain event. That the effect of such oral agreement would be to contradict and vary the terms of the

notes is obvious. Bradner, Evidence (2d ed.), 264; *Waddle v. Owen*, 43 Neb. 489, and citations.

But the plaintiff's theory appears to be, that the oral agreement was subsequent and not contemporaneous. The evidence, heretofore recited, does not sustain that theory. It is true, the notes were signed and delivered to the cashier of the bank in the forenoon, but that of itself did not make them a contract between the parties. So far as appears from the evidence, the delivery of the notes by the maker to the cashier of the bank, in the forenoon, was no more than an offer on the part of the former, which the plaintiff might or might not accept; unless accepted as made, it was no contract. That it was not thus accepted, is conclusively shown by the subsequent acts of the parties in relation thereto, when the alleged oral agreement was made. It was not until the terms of that agreement had been settled that the notes were finally accepted by the plaintiff, and the contract evidenced thereby perfected by their delivery to him. That being true, the oral agreement and the notes were contemporaneous, and evidence of the former was clearly inadmissible. *Waddle v. Owen, supra.* Such evidence being inadmissible, and having been received over the defendant's objection, the court could rightfully exclude it, so far as the plaintiff is concerned, at any stage of the case, or disregard it entirely, as it did, in this case, by directing a verdict for the plaintiff.

As regards the agreement of the maker of the notes to waive the statute of limitations, without going into the validity of such agreement, it will suffice to say, it was not pleaded in the county court. It has been repeatedly held by this court that, on appeal to the district court, the parties must confine themselves to substantially the same issues as those upon which the cause was submitted to the court below. *Western Cornice & Mfg. Works v. Meyer*, 55 Neb. 443. Besides, no such agreement was pleaded in the district court. The evidence of this part of the agreement, like that of the other parts of it, was

therefore inadmissible, and it was not error for the court to disregard it in the final submission of the cause to the jury.

It appears, therefore, that there was no showing of anything that would remove the bar of the statute of limitations. That being true, the court properly directed a verdict for the defendant.

It is recommended that the judgment of the district court be affirmed.

AMES and DUFFIE, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.

SEDGWICK, J., dissents.