CENTRAL SAVINGS BANK *v.* O'CONNOR.

1. APPEAL AND ERROR—RETRIAL—AMENDMENTS—DISCRETION.
   Permission to amend in the trial court after reversal and remand for new trial is discretionary with the trial court.

2. SAME—DENIAL OF AMENDMENT—HARMLESS ERROR.
   The denial of an application to amend a plea was not prejudicial where defendants were permitted to make a full statement on the trial of all the defenses claimed, and a verdict was directed because the defenses were not available on the merits.

3. EVIDENCE—PAROL—VARYING WRITTEN CONTRACT.
Promissory notes in common form cannot be defeated by parol evidence of a contemporaneous agreement not to enforce them in a certain contingency. *Central Savings Bank* v. *O'Connor*, 132 Mich. 578, followed.

Error to Wayne; Frazer, J. Submitted January 4. 1905. (Docket No. 9.) Decided February 4, 1905.

Assumpsit by the Central Savings Bank against George M. O'Connor and William J. Hammond on promissory notes. There was judgment for plaintiff on a verdict directed by the court, and defendants bring error. Affirmed.

*Charles W. Casgrain* and *E. A. Fink*, for appellant.

*Bowen, Douglas, Whiting & Murfin*, for appellee.

McALVAY, J. The Central Savings Bank, plaintiff, sued defendants, George M. O'Connor and William J. Hammond, in assumpsit, upon two promissory notes aggregating, with interest, $1,736.39.

Under a plea of the general issue defendants gave notice that as a special defense they would show that these notes were given for the amount of a certain chattel mortgage upon the property of the J. R. Pearson Company, a Michigan corporation, and certain accounts, assigned to defendants by plaintiff; that O'Connor was the maker and Hammond the indorser of said notes; that the notes were delivered to plaintiff on a parol understanding that in case the J. R. Pearson Company should be forced into bankruptcy by any of its creditors, and adjudicated a bankrupt, the notes would be null and void; and that the J. R. Pearson Company was afterwards adjudicated a bankrupt by the United States district court for the Eastern district of Michigan, in bankruptcy.

Defendant Hammond, a judgment creditor of the J. R. Pearson Company, upon a justice's court judgment for $400, had levied upon the stock of goods covered by the

mortgage above mentioned, and subject to it. He purchased the mortgage and the note which it secured, and also certain accounts which it held, and which had been assigned to it by the J. R. Pearson Company, giving the notes in suit in payment therefor.

This case was before this court in the January term, 1903, and is reported in 132 Mich. 578, and was reversed and remanded for a new trial, because the trial court committed an error in practice in entering a judgment for plaintiff non obstante veredicto when there was no verdict to support it.

Before the second trial defendants sought to amend their plea by a notice that they would show a partial failure of consideration for said notes. The motion to amend the plea was denied. The trial court allowed the attorney for the defendants, in opening his case to the jury, to make a full and complete statement of all defenses claimed. The plaintiff then asked the court to direct a verdict in its behalf. Thereupon the court clearly and concisely stated the case to the satisfaction of the counsel on both sides, and decided that the defense was not admissible, and directed a verdict for the plaintiff for the amount claimed.

Error is assigned by defendants for the refusal to allow an amendment to the plea, and also for excluding the defense offered and directing a verdict for the plaintiff.

The application to amend the plea came very late, and appeared to the trial court to be an attempt to change the issue after the case had been heard in this court and remanded for a new trial. To deny the amendment was a matter of discretion, and did not in any manner prejudice defendants, for the reason that their broadest claims were allowed to be stated, and, all being considered, the learned trial judge determined that the defense was not available.

The principal error relied upon is as to the instruction of the court to the jury to return a verdict for the plaintiff. The defendants, by the proposed amendment to their plea, and in their opening statement to the jury, offered to show that defendant O'Connor had bid in the property

of the J. R. Pearson Company at an 'execution sale under the Hammond judgment subject to the chattel mortgage, and for the purpose of discharging the lien of said mort-gage these notes were given to the plaintiff; that they were given in reliance upon the representation by plaintiff that said mortgage would remain a valid lien upon said property; that plaintiff agreed to defend against bankruptcy proceedings against the J. R. Pearson Company, and aid in preventing an adjudication; that plaintiff failed to do this, and the J. R. Pearson Company was adjudged a bankrupt. This offer was made to show a partial or total failure of consideration. Upon an examination of the whole record we do not find that any situation is presented different from that when this case was here before. This was an attempt to show by parol a contemporaneous agreement to defeat the undertaking in writing. The questions here presented were thoroughly discussed in the opinion of this court by Justice MONTGOMERY in *Central Savings Bank* v. *O'Connor*, 132 Mich. 578, to which reference is had.

The judgment is affirmed, with costs.

MOORE, C. J., and GRANT, BLAIR, and HOOKER, JJ., concurred.