### HOWELL v. WARE et al.

(Circuit Court of Appeals, Fourth Circuit. November 4, 1909.)

No. 849.

1. EVIDENCE (§ 420*)—PAROL EVIDENCE—WRITTEN CONTRACT—CONDITIONS.

In an action on notes, parol evidence that they were executed on an agreement that their payment should be conditional on transactions to be completed after delivery, and that defendant had performed such conditions, and was therefore not liable on the notes, was not objectionable as contradicting the terms of the written contract, but was competent to show the real intention of the parties.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 1943; Dec. Dig. § 420.*]

2. BILLS AND NOTES (§ 92*)—CONTEMPORANEOUS CONDITION—CONSIDERATION.

A contemporaneous condition that certain notes sued on were not to be paid in case defendant satisfactorily performed certain subsequent duties was supported by a sufficient consideration.

[Ed. Note.—For other cases, see Bills and Notes, Dec. Dig. § 92.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

3. TRIAL (§ 143*)—QUESTIONS OF LAW OR FACT—DIRECTION OF VERDICT.

Where, in an action on a note, the evidence for and against defendant's performance of the conditions on which payment was to be waived, and in support of defendant's counterclaim, was conflicting, and sufficient to sustain a verdict either way, it was error to direct a verdict for plaintiff on both issues, under the rule that the court on such a motion is required to take the view of the evidence most favorable to the party against whom the direction is asked, and if, from the evidence and inferences properly drawn therefrom, a verdict can be found for the party, the motion must be denied.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 342, 343; Dec. Dig. § 143.*]

In Error to the Circuit Court of the United States for the Western District of North Carolina, at Greensboro.

Action by John H. Ware and others against George A. Howell. Judgment for plaintiffs, and defendant brings error. Reversed.

Wm. P. Bynum, Jr., and R. C. Strudwick, for plaintiff in error.

D. Moncrieffe Kirton (King & Kimball, on the brief), for defendants in error.

Before GOFF, Circuit Judge, and MORRIS and BRAWLEY, District Judges

GOFF, Circuit Judge. The defendants in error, citizens of the state of Illinois, in business under the firm name of Ware & Leland, brought this suit in the court below against the plaintiff in error, George A. Howell, a citizen of the Western district of the state of North Carolina, declaring on two promissory notes, dated August 15, 1903, each for $1,500, due in one and two years after date, respectively. The execution of the notes was admitted by the defendant below, but he in his answer claimed that they were given under conditions—in substance as follows: That for about one year before the date of the notes he (Howell) had been engaged in the brokerage business in Charlotte, N. C., as local correspondent of the plaintiffs below, who carried on a general brokerage business both in Chicago and New York; that his arrangements with that firm were on terms which had been duly agreed upon between them, but which had not been respected and carried out by the plaintiffs, thereby causing him (Howell) loss and damage amounting to $2,350; that during said time he had fitted up and furnished for the plaintiffs a relay office in Charlotte at a cost to him of about $600, and that he had lost the sum of about $2,500 because of the failure of plaintiffs to purchase for him a seat upon the New York Cotton Exchange on the terms agreed upon between them; that a short time before August 15, 1903, he and the plaintiffs had made new arrangements, by which he had been appointed their agent in charge of their brokerage business at Charlotte, and that because of the previous losses sustained by him, and the money paid out by him for their benefit, and in contemplation of the new relationship mentioned, he (Howell) on the 7th day of August, 1903, wrote a letter to plaintiffs in which he set forth his claims, and asked them to let him have the sum of $3,000 to help him out on his losses referred to, proposing that he

would give his two notes, for $1,500 each, upon condition that if, when the notes became due, he had looked out for their interests in Charlotte in a proper way, they were to surrender to him said notes without requiring him to pay them, except only in the way and manner set forth in said letter; that his said proposition was accepted by them, his notes duly executed and sent to them, and the money advanced to him in compliance with the understanding mentioned; that he then faithfully and efficiently performed all the duties required of him, and that because of these matters and things the said notes were fully discharged; and he prayed judgment accordingly.

The defendant below also pleaded a counterclaim for $2,873.25 against the plaintiffs, based upon the following allegations: That in September, 1903, he and said plaintiffs made a contract by which they were jointly to conduct a brokerage business in Charlotte, N. C., under the firm name of George A. Howell & Co., for an unlimited time, the firm being composed nominally of the defendant Howell and Frank J. Fahey, one of the members of the firm of Ware & Leland—as special partner and representative of Ware & Leland—it being agreed that Howell, and Ware & Leland should be equally responsible for the losses of the firm and equally share the profits; that such firm carried on such business in Charlotte until January 31, 1904, when it was dissolved upon demand of the plaintiffs below, it having in the meantime made a profit of $14,000; that after its dissolution a settlement of its business was made between Howell and Ware & Leland, by the terms of which Howell paid that firm one-half of the book value of the profits, amounting to about $7,000, with the following understanding, viz.: That as part of the assets of the firm of George A. Howell & Co., at the date of such settlement, consisted of unpaid notes and accounts against different persons who had dealt with them, Ware & Leland, as an inducement to Howell to pay them their one-half of such nominal assets, agreed that, in case any of the notes and accounts retained by Howell should not be paid by those owing them, the firm of Ware & Leland would refund to him one-half of the amount of such notes and accounts not so paid, after he had made diligent effort to collect them; that after such effort he was unable to collect $5,746.50 of such notes and accounts, the same being totally insolvent, and therefore Ware & Leland according to said agreement became liable to him for one-half of the same, to wit, said sum of $2,873.25, for which Howell prayed judgment.

The plaintiffs below in reply denied all the matters set forth in said answer and counterclaim. The case came on to be tried to a jury on the following issues, viz.:

"What sum, if any, are the plaintiffs entitled to recover of the defendant on account of the two notes sued on?

"What sum, if any, did the plaintiffs pay on account of protest fees?

"What sum, if any, is the defendant entitled to recover of the plaintiffs on account of the matters and things set out by way of counterclaim?"

After all the evidence had been submitted, the plaintiffs moved to strike out certain testimony offered by defendant, including that relating to a letter, dated August 7, 1903, written by the defendant to

Leland, one of the plaintiffs, and his reply thereto, dated August 11, 1903; also the evidence which plaintiffs claimed tended to change the terms of the notes sued upon; and also the evidence referring to the counterclaim set up by defendant, which motion the court denied.

The plaintiffs then moved the court to instruct the jury to render a verdict in their favor for the full amount demanded by them in their complaint, which the court in effect did by telling the jury to answer the first issue. "$3,000 and interest, as shown by the said notes;" and by also directing the jury to answer the third issue with the word "nothing." This action of the court below in so instructing the jury is assigned as error.

The defendant requested the court to instruct the jury as follows:

"If the jury find from the evidence that the two notes set forth and referred to in the complaint were executed by the defendant upon the terms and upon the understanding and agreement set forth in the answer, and testified to by the defendant, and as shown by the correspondence between the plaintiff and the defendant with reference thereto, they should answer the first issue. 'Nothing.'

"If the jury shall find from the evidence, by the greater weight thereof, that plaintiffs demanded of the defendant a settlement of the partnership affairs on or about January 24, 1904, and as an inducement to the defendant to pay to the plaintiffs what they claimed to be their half of about $14,000, which was the face value of the net profits of said partnership, which the defendant claimed belonged to him, that if defendant would pay the plaintiffs the half thereof, namely, $6,965.81, in cash or its equivalent, and the defendant should fail to collect any part of the remainder, which as shown by the books was due, and which under the settlement belonged to the defendant, then and in that event the plaintiffs would be responsible and should repay to defendant one-half of such part of the said $6,965.81 as should, after due effort, remain uncollected; and if the jury shall further find that after diligent effort there still remained uncollected of the $6,965.81, book value, belonging to the defendant, the sum of $5,546.50, then the plaintiffs, under their said contract set forth in the counterclaim, would be responsible to the defendant for one-half of said sum of $5,546.50, which would be $2,773.25, and the defendant would, if the jury should so find, be entitled to recover that amount from the plaintiffs under his counterclaim."

The court refused both of these instructions, and such action is also assigned as error. Upon the verdict so directed by the court, judgment in favor of the plaintiffs was entered, and the defendant then prayed for and was allowed the writ of error now under consideration.

The plaintiffs below objected to the admission of any evidence, either parol or in writing, relating to any understanding or agreement between the parties as to the satisfaction of the notes, in any manner other than their payment by the defendant, on the insistence that they were absolute and unconditional, and not subject to change by any understanding between the parties existing when said notes were executed.

The court properly overruled such contention of plaintiffs below, as the evidence so admitted—which was partly in writing, including certain letters between the parties—related to the issues to be decided, and it was entirely proper to consider the notes and all correspondence connected with and antedating them as forming parts of one transaction. This was not in conflict with the well-established rule that evidence preceding the final agreement of the parties will not be admitted,

for the reason that all such matters were finally merged in the written instrument, which must be taken to express the conclusion reached, but was for the purpose of ascertaining the real intention of the parties, and not to alter the contract in any particular. Bailey v. Railroad Company, 84 U. S. 96, 108, 21 L. Ed. 611; Cornell v. Todd, 2 Denio (N. Y.) 130; Jackson v. Dunsbagh, 1 Johns. Cas. (N. Y.) 91; Stow v. Tifft, 15 Johns. 457, 8 Am. Dec. 266; Jackson v. McKenny, 3 Wend. 233, 20 Am. Dec. 690; Scott v. Railroad Company, 93 Md. 499, 49 Atl. 327; Boardman v. Railroad Co., 84 N. Y. 157.

The defendant below did not deny the execution of the notes, but admitted his liability upon them, unless he proved that subsequent to their execution he had complied with the terms of the agreement on which they were based, thereby discharging them, and making it inequitable that judgment should be rendered on them against him. The notes may have been executed with the understanding that their payment was to be conditioned on transactions to be completed after their delivery, and, if so, then testimony tending to prove that agreement was not only pertinent, but essential for the proper solution of the controversy. As we see the case, the most important fact to be found by the jury was whether or not the contract between these parties was intended by them to depend upon the conditions set out in the defendant's answer. The very life of the contract depended on this finding of fact, and such finding was for the jury, and not the court. If, when the notes were delivered, an understanding existed between the parties of the character mentioned, set forth in the answer, then the fulfillment of the conditions included in such understanding discharged the defendant's liability under said notes. Ware v. Allen, 128 U. S. 590, 9 Sup. Ct. 174, 32 L. Ed. 563; Burke v. Dulaney, 153 U. S. 228, 14 Sup. Ct. 816, 38 L. Ed. 698; Hartford Fire Ins. Co. v. Wilson, 187 U. S. 467, 23 Sup. Ct. 189, 47 L. Ed. 261; Evans v. Freeman, 142 N. C. 61, 54 S. E. 847; Typewriter Co. v. Hardware Co., 143 N. C. 97, 55 S. E. 417.

The claim of plaintiffs that no consideration has been shown for the agreement relied on by defendant is without merit, for whatever the fact may be—which should have been left to the jury to find—the pleadings allege such previous dealings between the parties, as authorized them to make the adjustment defendant insists they did make, and also provides full consideration therefor.

The court, after so admitting such evidence, and after refusing to exclude it, must have reached the conclusion, after considering it, that it did not have the effect to relieve the defendant from his obligation to pay the notes, and that it did not authorize him to recover on his counterclaim; otherwise the instruction to find for the plaintiff the full amount shown by the notes would not have been given. We think the court erred when it passed upon the weight of this evidence. There existed a number of direct and positive contradictions in the testimony given by the plaintiffs and the defendant. The defendant testified—and offered letters from plaintiffs which he insisted tended to sustain him—that certain conditions relating to the notes were part of the agreement between him and the plaintiffs, on which the notes were

founded. The plaintiffs' testimony on this question denied that such conditions existed, and contradicted in every essential particular the claim of defendant concerning them. As to the counterclaim set up by defendant, contradictions similar in character frequently appear in the record. These contradictions are of such a character that the finding of a jury as to the facts involved was under the authorities not only proper, but essential. They produced a situation that deprived the court of the right to direct a verdict—a situation that would as a rule deter a court from setting aside a verdict returned concerning the facts in issue. It is not for this court to decide as to the credibility of the plaintiffs, or the veracity of the defendant, nor as to the probabilities of their respective contentions, unusual and remarkable as some of them may be, but simply to designate the manner by which the controversy as made by the record should be disposed of.

When a motion is made to direct a verdict, the court should take that view of the evidence which is most favorable to the party against whom the direction is asked, and if from the evidence, and the inferences properly to be drawn therefrom, a verdict might be found for such party, the motion should be denied. In this case the credit to be given the witnesses was directly drawn in question, and we are unable to reach the conclusion that any rule of law would prevent a judgment in favor of the defendant, had the jury found a verdict in his favor. We are not justified by the record in saying that only one inference could have fairly been drawn from the evidence, and that in favor of the plaintiffs. The evidence in this case is not such that all reasonable men must reach the same conclusion from it, and it is only when it is of that character that the court is justified in withdrawing questions of fact from the jury.

The court below erred in directing the jury to find the issues in favor of the plaintiffs, and in not leaving the questions of fact to the determination of the jury, under the instructions asked for by the defendant.

Reversed.