MARGARET M. COCKRELL, *nee* MARGARET M. MOORE, v. J. E. TAYLOR, *et al.*

165 So. 887.

Opinion Filed February 19, 1936.

Rehearing Denied March 7, 1936.

*Dunn & Mizell,* for Plaintiff in Error;
*Smith & Kanner,* for Defendants in Error.

DAVIS, J.—In a suit on promissory notes verdict and judgment were for the defendants. The trial was had on pleas which alleged in substance that the notes sued on were delivered upon the express *prior* mutually agreed condition of delivery that they would be paid when, and at the time, deferred payments on the purchase price on certain land was made by a third party to the maker of the notes, the notes being given as a token of what was to become due to the payee as a real estate commission, and being expressly accepted by the payee as a real estate commission, and being expressly accepted by the payee upon conditional delivery as aforesaid; that it was expressly and mutually agreed between maker and payee that the notes were not to mature, or to be paid, until the third party made the payments upon which the delivery of the notes as collectible instruments was made a prior contingency; that if the third party failed to make the payments, and the defendants had to take back the lands, the notes were to become void.

The challenged pleas were supported by evidence which the jury obviously accepted as sufficient proof of the defendants' position so the only question necessary to be decided on this writ of error is the legal sufficiency of the

pleas to constitute a defense of conditional delivery of the notes sued upon, under the rule of Martineau v. Hanson, 47 Utah 549, 155 Pac. Rep. 432, which was the authority upon which the lower court evidently upheld the pleas as stating a good defense, in line with the principles sustained in our own jurisdiction in Sumter County State Bank v. Hays, 68 Fla. 473, 67 Sou. Rep. 109.

In Martineau v. Hanson, *supra,* the Supreme Court of Utah was called upon to construe the Utah Uniform Negotiable Instruments Act which, on the subject of conditional delivery, is almost identical with our own statute (Section 6776 C. G. L., 4690, R. G. S.), which reads as follows:

"6776. (4690). WHEN INCOMPLETE AND REVOCABLE.— Every contract on a negotiable instrument is incomplete and revocable until delivery of the instrument for the purpose of giving effect hereto. As between immediate parties, and as regards a remote party other than a holder in due course, the delivery in order to be effectual must be made either by or under the authority of the party making, drawing, accepting, or indorsing, as the case may be; and in such case the delivery may be shown to have been conditional, or for a special purpose only, and not for the purpose of transferring the property in the instrument. But where the instrument is in the hands of a holder in due course a valid delivery thereof by all parties prior to him so as to make them liable to him is conclusively presumed. And where the instrument is no longer in the possession of a party whose signature apepars thereon, a valid and intentional delivery by him is presumed until the contrary is proved. (Id. Section 16.)"

In Martineau v. Hanson, *supra,* the defendant pleaded that he had hired plaintiff to sell certain land owned by him, and that the commission for securing the purchaser

by the plaintiff was to be a certain amount. The plaintiff produced such purchaser for the land and agreed with the defendant to take a promissory note for part of his commission. The note was delivered to the plaintiff by the defendant upon the condition that it was not to be paid until the purchaser should make a deferred payment on the price of the land, and that the note was not to mature until the purchaser had paid, and that unless the deferred payment was made by the purchaser to the defendant, the note was never to be paid. The purchaser defaulted; in his payment, and an action was brought on the note. The Court held that his plea stated a good defense and said:

, "(1) The first assignment relates to the ruling of the Court by which it excluded defendant's parol evidence offered by him for the purpose of proving the agreement between the parties set forth in the answer, namely, that the note was delivered upon the condition therein stated. Counsel for the defendant very forcibly insists that the court erred in excluding the proffered parol evidence. The plea in the answer and the evidence offered in support thereof were based upon Comp. Gen. Laws 1907, Section 1568, which, so far as material here, reads as follows:

" 'Every contract on a negotiable instrument is incomplete and revocable until delivery of the instrument for the purpose of giving effect thereto. As between immediate parties, and as regards a remote party other than a holder in due course, the delivery, in order to be effectual, must be made either by or under the authority of the party making, drawing, accepting, or indorsing, as the case may be; and in such case the delivery may be shown to have been conditional, or for a special purpose only, and not for the purpose of transferring the property in the instrument. But where the instrument is in the hands of a holder in due

course, a valid delivery thereof by all parties prior to him so as to make them liable to him, is conclusively presumed.'

"The section in question is part of the act relating to negotiable instruments, and is found, with some slight changes, in the statutes of the various states which have adopted said Act. The statute adopted by the State of Wisconsin is, word for word, like our own, and the Supreme Court of that state, in passing upon a similar question to that presented here, in the case of Hodge v. Smith, 130 Wis. 333, 110 N. W. 195 says:

" 'It is familiar law, notwithstanding some conflict in the authorities, that a person may manually deliver an instrument, though it be in the form of commercial paper, to another, on its face containing a binding obligation *in praesenti* of such person to such other, with a contemporaneous verbal agreement that it shall not take effect until the happening of some specified event, and that the paper as between the parties will have no validity as a binding contract till the conditions shall have been satisfied; and that proof of such condition does not violate the rule that a written instrument cannot be varied by a contemporaneous parol agreement; that such evidence only goes to show that the instrument never had vitality as contract.'

"To the same effect are the following cases: Hill v. Hall, 191 Mass. 265, 77 N. E. 831; McFarland v. Sikes, 54 Conn. 250, 7 Atl. 408, 1 Am. St. Rep. 111; Burke v. Delaney, 153 U. S. 228, 14 Sup. Ct. 816, 38 Law Ed. 698; Howell v. Ware, 175 Fed. 742, 99 C. C. A. 318; 1 Daniel, Negotiable Inst. Section 68a; Brannon's Negotiable Insts. Law, Section 16, and notes.

"Counsel for plaintiff contends, however, and it seems the court agreed with him that the effect of the proffered evidence merely went 'to show that the note in suit was to

be paid out of a particular fund,' and that parol evidence was not admissible to establish that fact. To sustain that contention, the following cases are cited: Gorrell v. Home Life, etc., Co., 63 Fed. 371, 11 C. C. A. 240; National Bank v. Foote, 12 Utah 157, 42 Pac. 205; Underwood v. Simonds, 12 Meto. (Mass.) 275 Clanin v. Easterly, etc., Co., 118 Ind. 372, 21 N. E. 35, 3 L. R. A. 863; Stewart v. Anderson, 59 Ind. 375; and Central Sav. Bank v. O'Connor, 132 Mich. 578, 94 N. W. 11, 102 Am. St. Rep. 433. A ·mere cursory reading of the foregoing cases will disclose that the decisions cited by planntiff's counsel, with possibly two exceptions, have no controlling influence upon the question raised by defendant's counsel; and if we were to follow literally the two cases to which we have referred, we would have to repeal Section 1568, *supra,* by judicial edict, and would be required to overrule all the cases we have before cited.

"(2)   While the fact that the note in question was delivered only upon the condition that it should not become a completed or enforceable contract unless the purchaser of the lands in question paid the sum stated is not as directly pleaded as it might have been, yet it seems clear to us that the condition is sufficiently set forth, and that as pleaded, it constituted a condition precedent to the right of recovery on the note, and one which the parties could legally agree upon.

"(3)   An agent who is authorized by his principal to sell the latter's lands, certainly may agree that the payment of his commission, or any part of it, shall be dependent upon the condition that the purchaser shall pay to the principal either a specific part or all of the purchase price, and that in case the purchaser shall fail or refuse to do so without the fault or connivance of the principal the agent's commis-

sion shall be forfeited. · Such an agreement is certainly not against any positive law nor contrary to public policy.

"(4)  If, therefore, the principal executes his promissory note evidencing the agent's commission, they may undoubtedly agree that the same is delivered upon the condition that it shall not be an enforceable contract unless and until the condition is fulfilled.  That such a condition may be proved by parol as between the parties to the instrument the decisions we have referred to leave no room for doubt. And it seems to us that our statute, to which we have referred, expressly so provides.  We are clearly of the opinion, therefore, that the district court erred in excluding defendant's proffered evidence. * * *"

The rule sanctioned by practically a uniform line of authorities under the Uniform Negotiable Instruments Act is that parol evidence is admissible, as between the parties to a note, to show that a negotiable note, though absolute in form and manually delivered to the payee named in it, was understood and agreed between the parties on both sides, not to become a binding obligation, except upon the happening of a future certain event, since such evidence does not alter or vary the instrument, but tends merely to show that it never became a valid undertaking, especially where the agreed contingency (which must be a mutual understanding and not a unilateral reservation on the part of one of the parties to the instrument) affects the consideration for the note.  See: Vincent v. Russell, 101 Oregon 672, 201 Pac. Rep. 433, 20. A. L. R. 417, and numerous cases cited. Our own case of Sumter County State Bank v. Hays, *supra*, is in line with the foregoing rule.  See also 8 C. J. 206.

Just as a contract or promise to pay may be lawfully restricted to a particular fund as we have held in Ballas v. Lake Weir Light & Water Co., 100 Fla. 913, 130 Sou. Rep.

421, which case involved a claim for broker's commission to lands under a contract of that kind, so may the same *result* be lawfully achieved as was held allowable in that case where negotiable notes representing the broker's commission have been prepared according to a *mutual* understanding that, as between the parties to such notes, they shall not become binding obligations as such, although manually delivered to the payee, until the happening of a certain further event, such as a third party's payment for the land which the promissory notes were to be *conditionally* delivered as a *contingent* payment of the broker's commission. However, the agreed conditional delivery must be according to the established understanding and agreement of *both* maker and payee and not a mere stated reservation or limitation on the part of the maker alone. It may further be said as a principle of presumptive law that where the instrument is actually manually delivered to the payee, a valid and unconditional delivery of the instrument by the maker thereof, is to be presumed until the contrary is alleged and proved, and that the doctrine herein stated is only applicable in a suit between the immediate parties to the instrument, that is, in a suit between the maker and the payee.

This case is to be distinguished from the case of Anderson v. Ax, 104 Fla. 294, 139 Sou. Rep. 798, with which holding the opinion in this case is in nowise in conflict when properly understood. In that case there was an attempt after, an admission of making and unconditionally delivering a promissory note, to assert a contemporaneous parol agreement between the maker and the payee that the note, *so admittedly unconditionally delivered as a negotiable promise to pay* should not be binding and enforceable against the defendant, nor constitute a liability against the maker

except in accordance with the conditions of the contemporaneous collateral oral agreement. The plea in the case of Anderson v. Ax, *supra,* plainly admitted on its face that "shortly after the closing of the transaction, defendant * * * for the purpose only * * * of assuring to plaintiff her interest * * * *executed and delivered to her* the note sued upon herein," but attempted to alter and vary the legal effect of such admission by setting up an alleged contemporaneous oral agreement to the effect that the note delivered was not to be understood as an obligation of the defendant except in accordance with the oral understanding contemporaneously entered into. In that case the alleged contemporaneous oral agreement was, as this Court itself in that opinion pointed out, an "independent" contemporaneous parol agreement between the maker and the payee to the effect that the note, although delivered as such, should nevertheless not be binding and enforceable against the defendant maker. In this case the alleged contemporaneous oral agreement is alleged and shown to be a part of the terms of delivery of the note under which the property in the note was not to pass, except on certain conditions. The agreement was not an "independent" agreement to limit the legal effect of the terms of the note, but was one to limit the character of its delivery prior to its becoming a completed note.

The present case was tried on a correct theory of law, as it has been hereinbefore stated, therefore the view of a majority of the Court is that the judgment rendered in the Circuit Court should be affirmed.

WHITFIELD, C. J., and ELLIS, TERRELL, and BROWN, J. J., concur.

BUFORD, J., dissents.

BUFORD, J. (dissenting).—The writ of error in this case brings for review a judgment in favor of the defendant in a suit which was instituted to enforce payment of six certain promissory notes.

The declaration was in six counts.

The difference in the several counts is not material. Each count stated a sufficient cause of action on one of the several promissory notes in which the makers agreed to pay costs and attorney's fees in case of default and suit to enforce payment.

The first plea denied the making, execution and delivery of the notes.

The second plea was as follows.

That the defendant, J. E. Taylor, on behalf of the defendants, hired the plaintiff and others to act as brokers to sell certain land; that the said brokers sold the land to Roth Bros. Inc., for the sum of $97,839.40, of which $23,481.00 was to be paid in cash, and the balance to be paid in deferred payments over a period of years; that the series of six (6) promissory notes described in the declaration were given by the defendants to the plaintiff as her part of the commission for the aforesaid sale and the said notes were delivered to the plaintiff upon the prior express condition and understanding between the plaintiff and the defendants that the said notes would be paid when and at the time the deferred payments were made by Roth Bros., Inc., and that the said notes would not be paid until Roth Bros., Inc., should pay the defendants the deferred balance of the purchase price of said land; that the plaintiff received said notes under the aforesaid understanding and agreement, and at the time of their receipt agreed to the conditions upon which the same were delivered as stated, and further agreed with the defendants that the notes should not be-

·come ·due until the said Roth Bros., Inc., should make the ·deferred payments; that the plaintiff further agreed that ·the said notes were never to be paid by the defendants unless Roth Bros., Inc., should pay the said deferred payments; that if the deal was never consummated by the said Roth Bros., Inc., and the defendants had to take back the land, the notes were not to be paid by the defendants and would be void and of no effect; that Roth Bros., Inc., never paid the deferred payments nor any part thereof, and that these defendants have never received any money from the said Roth Bros., Inc., other than the initial cash payment, and later were forced to take back the land from the said Roth Bros., Inc.

"WHEREFORE, These defendants say that the condition under which these notes were delivered to plaintiff were never performed, and that the consideration thereof has wholly failed."

The third plea was as follows:

"That these defendants hired H. W. Cockrell to act as their broker to sell certain land; that the said broker sold the land to Roth Bros., Inc., for the sum of $97,839.40, of which amount $25,481.00 was to be paid in cash, and the balance in deferred payments over a period of years; that these defendants did not know of plaintiff's connection with this deal until the cash payment was made, and the said H. W. Cockrell at that time requested that the balance of the brokers' commissions be paid in promissory notes made and executed to himself, the plaintiff, whose name was then Margaret M. Moore, and to one S. J. Tucker; that the series of six (6) promissory notes described in the declaration were given by these defendants to H. W. Cockrell, the duly authorized agent of the plaintiff, as plaintiff's part of the commission for the aforesaid sale, and the said notes

were delivered to the said H. W. Cockrell upon the prior express condition and understanding that the said notes would be paid when and at the time the deferred payments were made by Roth Bros. Inc., and that said notes would not be paid until Roth Bros., Inc., should pay the defendants the deferred balance of the purchase price of said land; that the said H. W. Cockrell received said notes under the aforesaid understanding and agreement, and at the time of their receipt agreed to the conditions upon which the same were delivered as stated, and agreed with the defendants that the notes should not become due until the said Roth Bros., Inc., should make the deferred payments; that the said H. W. Cockrell further agreed that said notes were never to be paid by the defendants unless Roth Bros. Inc., should pay the said deferred payments; that if the deal was never consummated by the said Roth Bros., Inc., and the defendants had to take back the land, the notes were not to be paid by the defendants and would be void and of no effect; that Roth Bros., Inc., never paid the deferred payments, nor any part thereof, and that these defendants have never received any money from said Roth Bros. Inc., other than the initial cash payment, and later were forced to take back the land from the said Roth Bros., Inc., WHEREFORE these defendants say that the conditions under which these notes were delivered to plaintiff were never performed, and that the consideration thereof has wholly failed."

Demurrer and motions to strike were interposed as to the second and third pleas. The demurrers were overruled and the motions to strike were denied. The rulings on demurrers and motions to strike were assigned as error. Other errors were assigned but it is not necessary for us to discuss the questions raised by such other assignments be-

cause the case must be disposed of here on the assignments based on the rulings overruling the demurrers and denying the motions to strike. The demurrers were overruled and the sufficiency of the pleas sustained upon the theory that the pleas were sufficient to show a conditional delivery of the notes sued on. The allegations of the pleas are not sufficient to show conditional delivery of the notes. The pleas are only sufficient to show that there was an alleged contemporaneous agreement that the notes should not be required to be paid according to the true tenor and effect thereof, but should only be required to be paid in event that certain other parties not parties to this suit nor parties to the notes, should pay their obligations to the makers of the notes. By these pleas it was sought to contradict the unambiguous terms of written instruments, to-wit, the promissory notes sued on. There is a vast difference between the condition precedent to the requirement of payment, which is what was alleged to have existed in this case, and a conditional delivery. There was nothing in the allegations of the pleas interposed to show that the transaction was incomplete and revokable, or that there was not an authorized delivery of the notes so as to bring them within the purview of Section 4690 R. G. S., 6776 C. G. L.

It is true that in the case of Martineau v. Hansen, 47 Utah 549, 155 Pac. 432, a plea setting up a condition such as is relied on here was held good. But we are not inclined to follow that case. We think the case here is analogous to those cases where it has been held that the effect of the plea and the evidence in support of the plea was merely to establish the fact that there was a contemporaneous agreement that the notes should be paid out of a particular fund derived from a particular source and that parol evidence is not admissible to establish that fact. Gorrel v. Home Life

Ins. Co., 63 Fed. 371, 11 C. C. A. 240; National Bank v. Foote, 12 Utah 157, 42 Pac. 502; Underwood v. Simon, 12 Metc. (Mass.) 275; Clanin v. Easterly, etc., Co., 118 Ind. 372, 21 N. E. 35, 3 L. R. A. 863; Stewart v. Anderson, 59 Ind. 375; Central Savings Bank v. O'Connor, 132 Mich. 578, 94 N. W. 11, 102 Am. St. Rep. 433.

We think the question here under consideration is ruled in this jurisdiction by the opinion and judgment in the case of Anderson v. Ax, 104 Fla. 294, 139 Sou. 798, in which we held:

"Where a plea attempts to set up as a defense to the action an independent contemporaneous parol agreement between the maker and the payee to the effect that the note should not be binding and enforceable against the defendant, the maker, and exempting him under certain conditions, from any liability on the note, while under other conditions, he was to remain liable thereon for some indefinite and unfixed sum, such pleas amount to nothing more than an attempt to contradict and vary the terms of the valid written instrument by averring the existence of the collateral contemporaneous parol agreement, evidence of which would be entirely inadmissible on trial. Such pleas must fall on demurrer."

And also by the opinion and judgment in the case of Forbes v. Fort Lauderdale Mercantile Co., 83 Fla. 66, 90 Sou. 821, and cases there cited. Also by opinion and judgment in the case of Rivers v. Brown, 62 Fla. 258, 56 Sou. 553. In the latter case we held:

"To an action upon a promissory note the terms of which constitute a plain, unconditional promise to pay to the plaintiff on a stipulated date a given sum of money for value received, a plea is bad, upon demurrer, that seeks to contradict, alter and vary the terms of the note so as to

make the time of payment uncertain and dependent upon the sale of cross-ties by the defendant."

. And it was also said:

"The plaintiff in error contends that the note sued upon was not delivered to the plaintiff as present contract, the defendant reserving unto himself the right to refuse to pay the note until the cross ties should be sold, and the claim is made that the defendant is not seeking to vary or contradict the terms of a written contract, but is asking for his rights based upon the conditional delivery of the note. It is a well settled principle of the law of evidence that proof of a contemporaneous parol agreement is inadmissible to contradict or vary the terms of a valid written instrument. On its face the first plea lays the foundation for the introduction of parol testimony to contradict the terms of the note sued upon and set out *in extenso* in the declaration. The note, by its terms, fixed the time of its maturity and the time when the holder might lawfully resort thereto for the collection of the amount due. The terms of the note constitute a plain, unconditional promise on a stipulated date, to pay to the plaintiff a given sum of money for value received. The plea, if sustained, would contradict, alter and vary the terms of this written contract so as to make the time of payment uncertain and dependent upon the sale and disposition of the cross ties by the defendant."

. In support of that enunciation the court cited:

"Joyner v. Turner, 19 Ark. 690; Johnson v. Cobb, 100 Ga. 139, 38 S. E. Rep. 72; Dorsey v. Armor, 10 Colo. App. 255, 50 Pac. Re. 726; Ellis v. Hamilton, 4 Sneed (Tenn.) 512; Bookke v. Gulf Ice Co., 24 Fla. 550, 5 South. Rep. 247; Solary v. Stultz, 22 Fla. 263; Perry v. Biglow, 128 Mass. 129; Hall v. First Nat. Bank, 173 Mass. 76, 53 N. E. Rep. 154, 73 Am. St. Rep. 255; Wilson v. Wilson, 26 Oregon 251,

38 Pac. Rep. 185; Bank v. Whitlow, 6 Ala. 135; Central Savings Bank v. O'Connor, 139 Mich. 82, 102 N. W. Rep. 280; Mallory v. Fitzgarland's estate, 69 Neb. 312, 95 N. W. Rep. 601; Davis v. Randall, 115 Mass. 547, 15 Am. Rep. 146."

I think demurrer to the pleas should have been sustained and, therefore, the judgment should be reversed and the cause remanded to the court below with directions that it be reinstated on the rolls and an order entered sustaining demurrer to pleas numbered 2 and 3 and that, thereupon, further proceedings be had.