[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-10581
Non-Argument Calendar
_____

D.C. Docket No. 8:14-cv-00895-VMC-MAP


GOTTLIEB & GOTTLIEB, P.A.,

Plaintiff-Appellee,

versus

DOCTOR R. CRANTS,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(August 16, 2016)

Before WILSON, WILLIAM PRYOR and ROSENBAUM, Circuit Judges.

PER CURIAM:

Doctor R. Crants appeals the summary judgment in favor of Gottlieb &

Gottlieb, P.A. After Gottlieb sued Crants in a Florida court to collect more than

$1.5 million that Crants owed on several promissory notes, Crants removed the

action to the district court based on diversity of citizenship, 28 U.S.C. §§ 1441(b), 1332(a). The district court ruled that no genuine factual dispute existed about the enforceability of the promissory notes because Crants failed to identify in his answer what specific condition precedent to payment was unfulfilled, *see* Fed. R. Civ. P. 9(c), or, alternatively, to allege that an affirmative defense barred enforcement of the notes, Fed. R. Civ. P. 8(c). After careful review, we affirm.

## I. BACKGROUND

Crants executed 20 promissory notes made payable to Gottlieb. Crants admitted that he had signed "the document[s] attached to [Gottlieb's] Complaint"; that they were true and genuine copies of the "promissory note[s], the terms of which speak for themselves"; that he had received the value stated on the notes in exchange for their delivery to Gottlieb; and that Gottlieb had demanded payment. Each note stated that the "[p]ayment of principle and interest is to be made . . . to [Gottlieb], or their order, ON DEMAND."

The parties disputed whether payment was overdue. Paragraph six of Gottlieb's complaint alleged that "[a]ll conditions precedent to the institution and maintenance of this action have been performed or have occurred." Crants's answer "denied the allegations contained in Paragraph 6 of the Complaint." Crants also alleged generally in his Third Defense that Gottlieb's "claims are barred by the nonperformance of a condition precedent."

2

In his answers to interrogatories and his deposition, Crants asserted that payment of the promissory notes was conditioned on an oral agreement that he had with Jerry Gottlieb, one of the two shareholders of Gottlieb. Crants stated that he was hired by LCS Corrections to improve its fiscal health and to sell the company, which was owned in part by Gottlieb. Before Crants joined LCS, he and Jerry Gottlieb agreed, "as consideration for [Crants's] work," that he would receive half of "any net proceeds from the sale of LCS"; that LCS "would assist" and equally share in the profits from Crants's "two private prison projects"; and Jerry Gottlieb "would lend . . . Crants $250,000 to support his team's efforts to fix LCS . . . and to develop" his private projects. A couple of days later, Crants "received a check from Gottlieb . . . for $250,000, and [Crants] executed a Note payable in that amount." During the "next two years," Gottlieb "continued to lend Mr. Crants money—always on the condition that such loans would not be payable until the sale of [LCS]" or the private projects and that "Crants would not have to pay the demand notes . . . except out of the proceeds of the sale of one of those projects."

After expiration of the initial and extended periods for discovery, Crants moved to compel Gottlieb to produce documents to prove there was an "oral agreement precedent" that the "Notes would not become due and payable until LCS was sold." Gottlieb responded that, under Florida law, Crants's "evidence and defense violate[d] the parol evidence rule" because it "contradict[ed] the

3

unambiguous terms of each of the promissory notes with respect to the date when payment is due, i.e., on demand, and the manner in which the notes are payable, i.e., in lawful money of the United States." Crants moved for leave to reply, but a magistrate judge denied the motion. In the motion, Crants asserted, for the first time, the affirmative defense of conditional delivery.

Gottlieb filed a motion for summary judgment, which the district court granted. The district court ruled that Crants had failed to "specifically and particularly plead his denial" of a condition precedent, Fed. R. Civ. P. 9(c), and his "Third Defense [was] also too general to excuse his noncompliance with Rule 9(c)." In the alternative, the district court ruled that Crants had waived the affirmative defense of conditional delivery by failing to plead it in his answer, *see* Fed. R. Civ. P. 8(c), to raise the affirmative defense in an amended answer, or to move for summary judgment based on the affirmative defense. Later, the district court overruled Crants's motion to alter or amend the judgment.

## II. STANDARDS OF REVIEW

We review *de novo* a summary judgment and view the evidence in the light most favorable to the nonmoving party. *Latimer v. Roaring Toyz, Inc.*, 601 F.3d 1224, 1232 (11th Cir. 2010). We review the determination that a party has waived an affirmative defense for abuse of discretion. *EEOC v. White & Son Enters.*, 881 F.2d 1006, 1009 (11th Cir. 1989).

## III. DISCUSSION

This appeal turns on whether Crants satisfied the pleading requirements in Federal Rules of Civil Procedure 8 and 9. Those rules outline how litigants in civil actions should identify their respective legal positions to ensure that the parties and the district court can discern what issues must be adjudicated. To that end, Rules 8 and 9 contain specific instructions about alleging affirmative defenses and conditions precedent. A defendant "responding to a pleading . . . must state affirmatively . . . any avoidance or affirmative defense." Fed. R. Civ. P. 8(c). When "denying that a condition precedent has occurred or been performed, a party must do so with particularity." Fed. R. Civ. P. 9(c).

The district court did not abuse its discretion when it determined that Crants failed to comply with Rule 9(c). Crants's denial that all conditions precedent had occurred was, as the district court stated, "'as general as a denial can be' and therefore insufficient" to satisfy the particularity requirement of Rule 9(c). *See Myers v. Cent. Fla. Invs., Inc.*, 592 F.3d 1201, 1224 (11th Cir. 2010); *see also Jackson v. Seaboard Coast Line R.R. Co.*, 678 F.2d 992, 1009 (11th Cir. 1982) ("If the party does not deny the satisfaction of the conditions precedent specifically and with particularity, . . . the allegations are assumed admitted and cannot later be attacked."). And his Third Defense failed to remedy the deficiency. Crants's allegation that Gottlieb's "claims are barred by the nonperformance of a condition

precedent" was, as the district court stated, equally "generic because it did not state the particulars of the condition precedent or even which condition precedent was at issue." *See Myers*, 592 F.3d at 1224.

The district court also did not abuse its discretion when it determined that Crants failed to "state affirmatively" the defense of conditional delivery. *See* Fed. R. Civ. P. 8(c). Florida has long recognized that conditional delivery is an affirmative defense to the enforcement of a negotiable instrument, *see Felkel v. Abernethy*, 150 So. 631, 632 (Fla. 1933); *Ketchian v. Concannon*, 435 So. 2d 394, 395 (Fla. Dist. Ct. App. 1983), that "must be raised in the pleadings," *Kehle v. Modansky*, 696 So. 2d 493, 494 (Fla. Dist. Ct. App. 1997). Crants was obliged to "state in short and plain terms [his] defenses," Fed. R. Civ. P. 8(b)(1)(A), but he failed to mention the affirmative defense of conditional delivery in his answer or during the initial or extended periods for discovery. The district court was entitled to conclude that Crants waived the affirmative defense. *See Am. Nat'l Bank of Jacksonville v. FDIC*, 710 F.2d 1528, 1537 (11th Cir. 1983); *see also Latimer*, 601 F.3d at 1239 ("Failure to plead an affirmative defense generally results in a waiver of that defense.").

Crants argues that he did not waive the affirmative defense of conditional delivery, but we cannot say that the contrary decision of the district court constituted an abuse of discretion. Until Gottlieb moved for summary judgment,

6

Crants portrayed his defense as an oral agreement that modified the demand notes. Under Florida law, "[t]here is a vast difference between the condition precedent to the requirement of payment . . . and a conditional delivery." *Cockrell v. Taylor*, 165 So. 887, 892 (Fla. 1936). A conditional delivery exists when the promissory note becomes effective only upon the occurrence of a condition or contingency, but a condition precedent exists when there is a parol agreement between the parties that the note is enforceable only "under certain conditions." *Anderson v. Ax*, 139 So. 798, 799 (Fla. 1932); *see Cockrell*, 165 So. at 892–93; *Ketchian*, 435 So. 2d at 395. "In deciding waiver issues under Rule 8(c), . . . [we] examine[] whether a plaintiff had notice of the unpled defense or was prejudiced by the lack of notice." *Proctor v. Fluor Enters., Inc.*, 494 F.3d 1337, 1350 (11th Cir. 2007). The plaintiff has notice of an affirmative defense when, for example, the defendant addresses the specific unpled defense in pretrial filings, *see Hassan v. U.S. Postal Serv.*, 842 F.2d 260, 263 (11th Cir. 1988), raises the defense in a motion for summary judgment, *see Proctor*, 494 F.3d at 1352, or litigates the defense without objection, *see Jones v. Miles*, 656 F.2d 103, 107 (5th Cir. 1981).

The rulings by the district court reflect a sentiment that Crants's filings failed to provide Gottlieb fair notice of the "vastly differen[t]" defense of conditional delivery. *See Cockrell*, 165 So. at 892. As the district court stated when entering judgment for Gottlieb, Crants failed to "plead the affirmative defense of

7

conditional delivery," he "did not raise the defense of conditional delivery in a motion for summary judgment, nor did he seek to amend his Answer," and his "response raise[d] no argument outside the context of the defense of nonperformance of a condition precedent." When denying Crants's motion to alter or amend the judgment, the district court refused to "excuse" him from the pleading requirements "given [the] unspecified nature" of his "oral condition precedent defense." And Crants could not avoid waiver by asserting the affirmative defense in his opposition to Gottlieb's motion for summary judgment. *See Gilmour v. Gates, McDonald & Co.*, 382 F.3d 1312, 1315 (11th Cir. 2004) (concluding that a party may not amend a pleading "through argument in a brief opposing summary judgment"). The district court did not abuse its discretion when it determined that Crants waived the affirmative defense of conditional delivery.

The district court did not err by entering summary judgment in favor of Gottlieb. Crants admitted that he signed, delivered, and received the benefit of the promissory notes. Crants also admitted that "the terms of . . . [the notes] speak for themselves," and those notes state unambiguously that they are payable on demand. Because Gottlieb demanded payment, it was entitled to collect the principal and interest accrued, the amount of which Crants does not contest.

We **AFFIRM** the summary judgment in favor of Gottlieb.

8