ORFINGER, Judge.
The proponents of a 1955 will purportedly executed by decedent appeal a judgment of the trial court admitting to probate a 1968 will, denying probate of the 1955 will and denying any damages to the proponents of the earlier will because of an alleged contract not to revoke between decedent and her earlier deceased spouse.
Marie E. Algar and her deceased husband, George E. B. Algar, were married in 1943, each having been previously married and each having children by their prior marriages. In .1955, George and Marie purportedly executed separate but similar wills, essentially leaving their respective estates to each other and then to George’s two children following the death of both George and Marie. Each will contained the following language:
That in consideration of the execution of this will, a similar will on this date has been executed by my husband (wife) George E. B. Algar (Marie E. Algar) in substantially the same form and substance as contained herein, and we hereby agree that at no time can either of us change our said will without the written consent of the other..
George died in 1966 leaving Marie surviving. George’s will was never presented for probate, nor does it appear that there was ever any probate of his estate. In 1968 Marie executed a new will revoking all former wills and leaving her estate to her children. Marie died August 18, 1977, and the personal representative named in her 1968 will presented that will for probate. George’s children countered by attempting to prove and probate Marie’s 1955 will, claiming that it was the product of a contract not to revoke, that it could not be revoked, and that it was her valid will. Marie’s original 1955 will was not produced, nor was any testimony presented to explain the whereabouts of the original. Instead, a carbon copy of the bookstore form was presented, plainly marked “Copy”. Similarly, there was offered in evidence a carbon copy of George’s 1955 will, likewise marked “Copy”. William Algar, one of George’s children, testified that George had duplicates of both wills, that he gave the carbons to William and that time plainly marked “Copy” on both of them. The “originals” remained with George and Marie. On these facts, the trial judge admitted Marie’s 1968 will to probate, denied the probate of her 1955 will and found that appellants had proved no damage. We affirm.
On the question of the admissibility of the 1968 will, the trial judge was correct in admitting it to probate upon satisfactory proof of its proper execution. A will cannot be admitted to probate where it has been expressly revoked by a later will, even though the later will is executed in violation of a covenant not to revoke the earlier will. If a will is executed pursuant to a valid contract not to revoke it, such will, like any other will may be revoked, *678 because wills are ambulatory and revocability is an essential element of a will. Keith v. Culp, 111 So.2d 278 (Fla. 1st DCA 1959). The breach of the contract not to revoke is then the basis for enforcement of a claim by the beneficiaries of a will improperly revoked. In re Shepherd’s Estate, 130 So.2d 888, (Fla. 2d DCA 1961). The 1968 will expressly revoked the 1955 will.
In the 1955 wills, George and Marie had each reserved the right to “change” the will with the written consent df the other. The right to change of necessity carried with it the right to revoke, and although they covenanted that the change could only be accomplished by written consent, they could make the change in whatever form they wished, so long as they both agreed. A contract can be modified or revoked by mutual agreement of the contracting parties. 7 Fla.Jur. Contracts, Sec. 170.
The trial judge correctly held that the 1955 wills were not valid and in existence at the time of George’s death. The original of his 1955 will was shown to have been in his possession, but was not to be found at the time of his death. Similarly, Marie’s 1955 will was not to be found at her death. In Florida there is a well-established rule that when a will has been lost or destroyed the presumption is that the testator destroyed it with the intention of revoking it, and the burden of proving the contrary is on the propounder of the will. In re Washington’s Estate, 56 So.2d 545 (Fla.1952). Upon a showing of a lost will which had been in the possession of the testator there is more than a permissible inference of revocation — such a showing requires a finding of revocation unless the proponent of the lost will comes forward with evidence of a competent and substantial nature that shows the will was not revoked. In re Estate of Baird, 343 So.2d 41 (Fla. 4th DCA 1977). No evidence at all was presented to the trial judge to counter this presumption. A finding is thus required that both George and Marie mutually revoked their 1955 wills, so any covenant not to revoke contained in those wills was similarly revoked.
In the light hereof, the correctness of the determination by the trial judge that no damages were proved by appellant need not be decided. The final judgment for appel-lees is
AFFIRMED.
COBB and UPCHURCH, JJ., concur.