435 So.2d 394 (1983)
John KETCHIAN, Appellant,
v.
F.P. CONCANNON and Helena Concannon, His Wife, Appellees.
No. 82-1615.
District Court of Appeal of Florida, Fifth District.
July 28, 1983.
Berrien Becks, Jr. and James L. Rose, of Becks, Becks & Wickersham, Daytona Beach, for appellant.
Michael L. Brewer, New Smyrna Beach, for appellees.
COBB, Judge.
In this case the appellant, John Ketchian, executed a $20,000 promissory note to F.P. Concannon (and his wife), said amount representing a broker's commission relating to a proposed real estate purchase by Ketchian *395 of a farm from a Mr. and Mrs. Suder. Ketchian said the sale was conditioned on his assumption of a nine percent mortgage, and the note to the broker, although complete upon its face, was contingent upon consummation of the sale.
At trial Ketchian attempted to testify as to this agreement, his inability to secure FHA approval of the mortgage assumption, and the consequent failure of the sale to close. The trial court excluded this testimony based on the parol evidence rule, and entered judgment for the Concannons on the note.
Appellant relies primarily on a 1936 Florida Supreme Court case, Cockrell v. Taylor, 122 Fla. 798, 165 So. 887 (1936), in support of his contention. In Cockrell, the Supreme Court, in discussing the parol evidence rule and its application to a conditional promissory note, stated:
The rule sanctioned by practically a uniform line of authorities under the Uniform Negotiable Instruments Act is that parol evidence is admissible, as between the parties to a note, to show that a negotiable note, though absolute in form and manually delivered to the payee named in it, was understood and agreed between the parties on both sides, not to become a binding obligation, except upon the happening of a future certain event, since such evidence does not alter or vary the instrument, but tends merely to show that it never became a valid undertaking, especially where the agreed contingency (which must be a mutual understanding and not a unilateral reservation on the part of one of the parties to the instrument) affects the consideration for the note. [Emphasis added.]
165 So. at 889. See also Tharp v. Kitchell, 151 Fla. 226, 9 So.2d 457 (1942).
The court noted that the agreement in Cockrell was alleged and shown to be a part of the terms of delivery of the note under which the property and the note was not to pass, except on certain conditions. The agreement was not an "independent" agreement to limit the legal effect of the terms of the note, but was one to limit the character of its delivery prior to its becoming a completed note. 165 So. at 90. See Anderson v. Ax, 104 Fla. 294, 139 So. 798 (1932) (court refused to allow parol evidence where unconditional delivery with contemporaneous agreement seen).
A written document, unconditional on its face and fully executed, can be shown by oral testimony to have been delivered subject to a condition precedent. As long as the condition has not occurred, no contract has been made. Therefore, oral proof of the conditional delivery is admissible in spite of the face of the document to the contrary. Corbin on Contracts, Vol. 3, § 589, pg. 318-20.
The reason underlying this exception to the parol evidence rule is that oral evidence is generally permitted to be introduced to show that the parties, prior to or at the time they made a written contract of sale, entered into an agreement that such contract of sale should become operative only on the occurrence of a certain condition or contingency, the theory being that such evidence only goes to prove that the instrument never matured as a valid obligation, and hence there could be no modification or variance or contradiction of it as such. Chappell v. Hasche, 98 So.2d 808 (Fla. 2d DCA 1957). See also Paradise Beach Homes, Inc. v. South Atlantic Lumber Co., 118 So.2d 825 (Fa. 1st DCA 1960).
The cases cited thus far were decided under section 674.18, Florida Statutes, which stated in pertinent part:
As between immediate parties, and as regards a remote party other than a holder in due course, the delivery in order to be effectual must be made either by or under the authority of the party making, drawing, accepting or indorsing, as the case may be; and in such case the delivery may be shown to have been conditional, or for a special purpose only, and not for the purpose of transferring the property in the instrument.
This statute was replaced in 1967, with the introduction of the Uniform Commercial Code, with section 673.306, which is *396 taken verbatim from UCC section 3-306, and which provides in pertinent part:
Unless he has the rights of a holder in due course any person takes the instrument subject to:
(3) the defenses of want or failure of consideration, nonperformance of any condition precedent, non-delivery, or delivery for a special purpose; and ...
Under this statute, the defense of nonperformance of a condition precedent can be raised and delivery of a negotiable instrument upon a condition or for a special purpose only may be shown by parol evidence as between the immediate parties to it. See McPherson v. Longview United Pentecostal Church, Inc., 540 S.W.2d 424 (Tex.Civ.App. 1976) (interpreting UCC section 3-306). See also section 671.103, Florida Statutes (1981), which states:
Unless displaced by the particular provisions of this code, the principles of law and equity, including the law merchant and the law relative to capacity to contract, principal and agent, estoppel, fraud, misrepresentation, duress, coercion, mistake, bankruptcy, or other validating or invalidating cause shall supplement its provisions.
In the instant case, the appellant attempted to present evidence at trial of a condition precedent (the assumption of the nine percent mortgage) to the effectiveness of the promissory note. This oral agreement did not modify the terms of the note, but rather made the note's effectiveness contingent on the happening of a specific event. Under the law as set forth in Cockrell and the cases that have followed it, the admission of this evidence would not violate the parol evidence rule. Therefore, the trial judge, in not allowing the testimony to be admitted, committed error.
REVERSED and REMANDED FOR NEW TRIAL.
ORFINGER, C.J., and FRANK D. UPCHURCH, Jr., JJ., concur.