456 So.2d 1294 (1984)
Ivan SZEWCZYK and Lydia Szewczyk, His Wife, and George Kaszuba and Ina Kaszuba, His Wife, Appellants,
v.
BAYSHORE PROPERTIES, a Florida General Partnership, and A. Sam Coury, Appellees.
No. 83-2260.
District Court of Appeal of Florida, Second District.
October 3, 1984.
Joseph P. McNulty of McNulty, Moritz & Dickey, Largo, for appellants.
James A. Martin, Jr., of McMullen, Everett, Logan, Marquardt & Cline, P.A., Clearwater, for appellees.
SCHEB, Judge.
Appellants challenge the trial court's judgment assessing damages against all appellants for breach of lease. Additionally, they contest the entry of a prior partial final summary judgment in the same litigation canceling a note and mortgage given by appellees to appellants.
We find no merit to appellants' attack on the award of damages against them for breach of lease; therefore, we affirm that judgment. Furthermore, we find that the prior partial summary judgment was a final appealable order from which no timely appeal was taken by appellants. Therefore, we dismiss the appeal from the prior judgment.
*1295 In June 1981 appellants agreed to sell Bayshore certain real estate, including a restaurant, lounge, and other appurtenances. Appellants' property at that time was subject to a first mortgage in favor of Theodore Emerson, which included a "due on sale" clause. When Emerson would not allow Bayshore to assume the mortgage, Bayshore executed and delivered to appellants a mortgage which "wrapped around" the Emerson mortgage. Although the two mortgages secured identical amounts, they differed in terms of interest due and the dates on which the obligations ballooned.
Subsequently, Emerson declared acceleration of his note and mortgage and filed a foreclosure suit against appellants. While this was pending Sam Coury (the sole remaining partner in Bayshore) purchased an assignment of the Emerson mortgage, whereupon Emerson filed a notice of voluntary dismissal of his suit. Bayshore then notified appellants that it was prepaying the wrap-around mortgage by canceling and satisfying the Emerson mortgage, which appellants now owed to Bayshore due to the assignment. Appellants objected and proceeded to accelerate their wraparound mortgage and filed a cross-claim against Bayshore in the foreclosure suit that had been initiated by Emerson. Following this, Bayshore filed a cross-claim against appellants seeking cancellation of the wrap-around mortgage and damages under various agreements arising out of the original contract between the parties.
On April 28, 1983, the trial court entered a partial final summary judgment holding that the two mortgages merged when Bayshore purchased the Emerson mortgage and that both mortgages were satisfied. Appellants did not file any notice of appeal from this partial final summary judgment. Subsequently, on May 16, 1983, appellants moved to amend their complaint to seek a judgment against Bayshore for sums they claimed were due under the sales agreement as a result of early termination of the note and mortgage held by Emerson. On June 8, 1983, the trial court permitted the amendment to which Bayshore subsequently pled. The case eventually proceeded to a nonjury trial on the amended cross-claim and the issue of damages for breach of a lease agreement entered into between Bayshore and appellants in connection with the sale of the real estate. On August 30, 1983, the trial court entered its final judgment denying appellants their requested relief in their amended cross-claim and awarding damages against them. Appellants filed a notice of appeal "from the final judgment entered herein on August 30, 1983."
On appeal appellants raise two issues. First, they contend that the trial court erred in entering a partial final summary judgment because there was no merger of the underlying mortgage given by appellants to Emerson with the subsequent wrap-around mortgage given by Bayshore to appellants. Second, they argue that the court erred in assessing damages of $40,000 against all appellants for breach of lease where only George Kaszuba was liable for that element of the final judgment. After appellants filed their initial brief with this court, appellees sought to dismiss the appeal on the ground that it was untimely insofar as it attacks the partial summary judgment.[1]
At the outset we address appellees' motion to dismiss. In Mendez v. West Flagler Family Ass'n, 303 So.2d 1 (Fla. 1974), the Florida Supreme Court held that when "a separate and distinct cause of action is pleaded which is not interdependent with other pleaded claims, it should be appealable if dismissed with finality at trial level and not delayed of appeal because of the pendency of other claims between the parties." Id. at 5. See also S.L.T. Warehouse Co. v. Webb, 304 So.2d 97 (Fla. 1974). Since appellants' notice of appeal was filed several months after the April 28 order, the crucial determination on appellees' motion *1296 to dismiss is whether the April 28 order adjudicated a "distinct and severable" cause of action or whether it was "interrelated" and involved "the same transaction" as that which the court disposed of in the final judgment of August 30.
In determining whether the partial summary judgment was final and appealable, we have examined certain criteria that other courts have found useful in reaching a conclusion: (1) Could the causes of action disposed of in the April 28 and August 30 orders be maintained independently of each other? See Seminole County v. Mertz, 415 So.2d 1286 (Fla. 5th DCA), petition for review denied, 424 So.2d 763 (Fla. 1982). (2) Were one or more parties removed from the action when the partial final summary judgment was entered? See S.L.T. Warehouse Co. v. Webb; Pena v. Tampa Federal Savings and Loan Ass'n, 363 So.2d 815 (Fla. 2d DCA 1978), cert. denied, 373 So.2d 461 (Fla. 1979). (3) Are the counts separately disposed of based on the same or different facts? See GAF Corp. v. W.R. Grace & Co., 395 So.2d 186 (Fla. 1st DCA 1981). See also McClain Construction Corp. v. Roberts, 351 So.2d 399 (Fla. 2d DCA 1977) (where the same facts were pertinent to each count of a multi-count complaint, and plaintiff implicitly recognized this by incorporating the same basic facts into every count of its complaint).
Here, although no parties were removed when the partial summary judgment was entered, the matters disposed of in the August 30 order were independent of those adjudicated on April 28. We think the trial court's order of April 28 completely disposed of appellants' cross-claim. It also settled three counts of Bayshore's five-count cross-claim. The remaining two counts of Bayshore's cross-claim were "distinct and severable" from the counts dealing with the two mortgages. The first remaining count sought damages for various breaches under the real estate sales contract; the second sought an accounting of the expenditure of certain funds pursuant to the sales contract. Neither of these remaining counts involved in any way the parties' obligations under the Emerson mortgage or the wrap-around mortgage.
After the April 28 order was filed and after the time for an appeal had expired, appellants were granted leave to add a count to their cross-claim. This new count sought resolution of a further issue under the sales contract relating to a bonus payment to be shared by the parties in the event the Emerson mortgage was prematurely paid. Appellants argue that this new count was obviously interrelated to the mortgages and remained unresolved by the April 28 partial summary judgment. We do not think that this count raised facts which were related to their prior count, which had already been adjudicated. In any event, such new count (even if related) was not pending on the date that time expired to file a notice of appeal from the partial summary judgment.
We hold that the two orders (of April 28 and August 30) were based on different sets of facts and adjudicated causes of action which were not interdependent with other pleaded claims. Accordingly, since the counts disposed of on April 28 were distinct and severable from the remaining counts and, indeed, would have supported independent actions, the summary judgment as to less than all counts was final and appealable under Mendez. Because appellants failed to timely appeal that order, we dismiss their appeal insofar as it attacks the partial summary judgment.[2] We do have jurisdiction, however, to consider their challenge against the damages awarded on August 30.
*1297 Appellants do not challenge the $40,000 element of damages awarded against George Kaszuba. They argue, however, that because the original sales agreement was signed by Ivan Szewczyk and George Kaszuba and not by their wives, and because Kaszuba alone executed the lease with Bayshore, that there was no basis for entry of a judgment against all four appellants. This argument overlooks the fact that all four appellants signed an addendum reciting that all four had entered into the original contract, and that each signed the warranty deed and other closing documents. The effect of these documents was to affix responsibility on all appellants, as sellers, to continue the operation of the restaurant or find a suitable tenant. There is substantial, competent evidence to support that appellants did neither, thus rendering them all liable for damages. Accordingly, we find no merit to appellants' argument on this point and affirm the trial court's final judgment of August 30.
GRIMES, A.C.J., and SCHOONOVER, J., concur.
NOTES
[1] The court denied appellees' motion to dismiss but without prejudice to considering the issue at the hearing on the merits.
[2] The Florida Supreme Court has approved an amendment to Florida Rule of Appellate Procedure 9.110, which becomes effective January 1, 1985. The Florida Bar In Re: Rules of Appellate Procedure, No. 65,082 (Fla. Sept. 13, 1984). New rule 9.110(k) provides that a partial final judgment may be appealed immediately or delayed until the end of the entire case, except that an immediate appeal is required when the partial final judgment disposes of the entire case as to any party. This new rule remedies the so-called Mendez "trap." See Haddad, Partial "Final" Judgments: A Persistent Problem in Appellate Practice, 53 Fla.B.J. .04 (April 1979).