484 So.2d 95 (1986)
Marshall Glenn ODHAM, Jr. and Judith Ann Odham, Appellants,
v.
David MOUAT, M.D.; Alachua General Hospital, Inc., et al., Appellees.
No. BI-183.
District Court of Appeal of Florida, First District.
March 6, 1986.
James P. Jamieson of Krugman-Kadi & Jamieson, Gainesville, for appellants.
Andrew G. Pattillo, Jr. and Jonathan D. Ohlman of Pattillo & McKeever, Ocala, for appellee David Mouat, M.D.
Richard T. Jones of Jones & Carter, Gainesville, for appellee Alachua General Hosp., Inc.
THOMPSON, Judge.
Odham appeals a partial summary final judgment in favor of David Mouat, M.D., (Mouat) and Alachua General Hospital (Hospital) on four of the eight counts of his complaint. We dismiss the appeal and remand for further proceedings consistent herewith.
Odham filed an eight count complaint against Mouat and the Hospital. Counts I and V are tort actions alleging that Mouat and the Hospital, respectively, were negligent in that they failed to exercise that degree of care and skill in treating Odham that is ordinarily exercised by physicians and hospitals in similar cases under similar circumstances and further alleging that Mouat committed eight specific acts of negligence. In Counts II and VI the same general allegation of negligence and the same eight specific acts of negligence were alleged by Odham's wife in a tort action for the loss of the services, support and consortium of her husband. Counts III and VII purport to allege a cause of action against Mouat and the Hospital, respectively, for breach of implied contract and warranty. The same general allegation of negligence and the same eight specific acts of negligence were realleged as the basis for the breach of implied contract and warranty counts. In Counts IV and VIII the same general allegation of negligence and eight specific acts of negligence were alleged by Odham's wife as a basis for her breach of contract and warranty count for the loss of the services, support and consortium of her husband.
Mouat and the Hospital filed motions for summary judgment as to Counts III, IV, VII and VIII of the complaint (the alleged *96 breach of implied contract and warranty counts) on the grounds that Section 725.01, Fla. Stat. prohibits any action against a health care provider upon any guarantee, warranty or assurance as to the results of any medical, surgical, or diagnostic procedure unless the agreement or promise upon which the action is brought is in writing. The trial court granted summary partial judgment in favor of the defendants as to these four counts alleging breach of implied contract and warranty. Counts I, II, V and VI, the tort claims by Odham and his wife against Mouat and the Hospital, remain pending.
Every count of the complaint involves the same parties, the same transaction, and identical acts as a basis of the alleged cause of action. Although Counts I, II, V, and VI sound in tort, and Counts III, IV, VII and VIII sound in contract, they all involve the same identical facts as a basis of the cause of action and are interrelated causes of action. A final judgment or order dismissing less than all of the interrelated claims or counts involving the same transaction and the same parties is not appealable if there is any interrelated claim involving the same transaction and same parties remaining in the suit. S.L.T. Warehouse Co. v. Webb, 304 So.2d 97 (Fla. 1974); SCI Inc. v. Aneco Co., 410 So.2d 531 (Fla. 2d DCA 1982); Venezia A., Inc. v. Askew, 314 So.2d 254 (Fla. 1st DCA 1975), cert. denied, 333 So.2d 465 (Fla. 1976).
We dismiss this appeal and remand for proceedings consistent herewith.
ZEHMER and BARFIELD, JJ., concur.