489 So.2d 800 (1986)
Brenda Lee KIRKLAND, Incompetent, by and through Her Legally Appointed Guardian, Emma Lee KIRKLAND, and John C. Kirkland and Emma Lee Kirkland, Individually, Appellants,
v.
STATE of Florida, DEPARTMENT OF HEALTH AND REHABILITATIVE SERVICES, Northeast Florida State Hospital, an Agency of the State of Florida, Appellees.
No. BE-93.
District Court of Appeal of Florida, First District.
May 22, 1986.
James Facciolo of Searcy & Facciolo, P.A., Jacksonville, for appellants.
Jerrold K. Phillips of Brooks, Callahan & Phillips, Tallahassee, for appellees.
SMITH, Judge.
Appellant (Kirkland) appeals a partial summary judgment in favor of appellees on her claim for medical malpractice. The trial court's order left standing Kirkland's claim against appellees of negligent supervision. We dismiss the appeal on jurisdictional grounds and remand for further proceedings.
Kirkland, who suffers from severe mental illness, was voluntarily committed to Northeast Florida State Hospital (NFSH), administered by the Department of Health and Rehabilitative Services (HRS). In her complaint Kirkland contended that despite her suicidal tendencies Dr. Asner, her treating physician at NFSH, permitted her to have ground privileges under a "buddy pass" system. According to Dr. Asner, the giving of "buddy pass" privileges  a part of milieu therapy  is a decision made by a team of people, including the nurses, social workers, and the treating physician of the patient. Kirkland alleged that on July 6, 1979, she was given a "buddy pass" while she was in an agitated and disoriented state of mind. Later that afternoon, Kirkland threw herself in front of an oncoming truck on a highway near the grounds of the hospital, suffering serious multiple, permanent injuries.
In her one-count complaint against NFSH and HRS, Kirkland asserted their negligence based on two theories: medical malpractice and negligent supervision.[1] *801 The trial court entered partial summary judgment on Kirkland's claim of malpractice, reasoning that the decision of whether to place Kirkland on a "buddy pass" involved the exercise of planning-level discretion on the part of NFSH and HRS, and suit based on this theory was barred by sovereign immunity. The court further held that there was no evidence of psychiatric malpractice proximately causing or contributing to Kirkland's accident. The trial court left intact Kirkland's claim of negligent supervision. Kirkland appealed.
Upon consideration of the trial court's order, the complaint, the parties' briefs, and the record on appeal, we issued an order directing Kirkland to show cause why this appeal should not be dismissed as an appeal from a nonfinal nonappealable order.
In her brief response, Kirkland argues that the trial court's dismissal involved a separate and distinct cause of action, not interdependent with other pleaded claims, and is therefore an appealable order. Mendez v. West Flagler Family Association, Inc., 303 So.2d 1 (Fla. 1974). She ends her response with the quote "[i]t is better to be safe than sorry under Mendez...." Murphy White Dairy, Inc. v. Simmons, 405 So.2d 298, 299 n. 4 (Fla. 4th DCA 1981).
To rescue the litigant from the pitfall apparent under Mendez (if appellant did not appeal partial summary judgment which was final at the time of entry, appellant was precluded from raising the error on appeal from the final judgment), subsection (k) was added to Rule 9.110, Florida Rules of Appellate Procedure. This rule provides that partial final judgments are reviewable either on appeal from the partial final judgment or on appeal from the final judgment in the entire case. However, this rule does not disturb prior case law to the effect that a partial summary judgment on a cause of action which is interdependent with other pleaded claims remaining in the trial court is not final and not immediately appealable. Stein v. Hospital Corporation of America, 481 So.2d 1264 (Fla. 4th DCA, 1986); and Bay & Gulf Laundry Equipment Co., Inc. v. Chateau Tower, Inc., 484 So.2d 615 (Fla. 2d DCA, 1985).
To determine whether a partial summary judgment was a final appealable order, the court in Szewczyk v. Bay Shore Properties, 456 So.2d 1294, 1296 (Fla. 2d DCA 1984), examined certain criteria found useful by other appellate courts. These are (restated):
(1) Could the cause of action disposed of by the partial summary judgment be maintained independently of other remaining causes of action? (2) Were one or more parties removed from the action when the partial final summary judgment was entered? (3) Are the counts separately disposed of based on the same or different facts?
Applying these criteria to this case, we find that the causes of action for negligent supervision and malpractice could not be maintained independently of each other. See Odham v. Mouat, 484 So.2d 95 (Fla. 1st DCA, 1986). Next, although Dr. Asner, in her individual capacity, was dismissed from the case prior to the entry of the partial summary judgment, no parties were removed from the action by entry of the partial summary judgment. Finally, Kirkland's pending claim for negligent supervision requires proof of many of the same facts pertinent to the malpractice claim. Whether Kirkland was in an agitated state of mind, and whether the defendants knew or should have known of this fact when she was given a buddy pass requires the jury to consider, in part, the relevant facts of Kirkland's overall medical condition and her medical history. These same facts are the underpinning of the dismissed medical malpractice claim. Kirkland recognized as much by including the claims of medical malpractice and negligent supervision in the same count of her complaint.
Piecemeal appeals should not be permitted where claims are legally interrelated, involve, in substance, the same transaction, and where the same parties remain in the lawsuit. Miami-Dade & Sewer Authority v. Metro Dade County, 469 So.2d 813 (Fla. *802 3d DCA 1985). Accordingly, this appeal is dismissed and the cause remanded to the trial court for proceedings consistent with this opinion.
BOOTH, C.J., and WENTWORTH, J., concur.
NOTES
[1] Kirkland dismissed her count against Dr. Asner for medical malpractice in her individual capacity prior to the entry of the partial summary judgment.