506 So.2d 39 (1987)
PALM BEACH NEWSPAPERS, INC., Appellant,
v.
Sandra WALKER, Appellee.
No. 4-86-3126.
District Court of Appeal of Florida, Fourth District.
April 22, 1987.
*40 John P. Wiederhold of Wiederhold Moses & Bulfin, P.A., West Palm Beach, for appellant.
Michael P. Maguire of Maguire & Friend, P.A., Coral Gables, for appellee.

ON MOTION TO DISMISS
PER CURIAM.
The defendant appeals an order granting the plaintiffs a partial summary judgment on issues of comparative negligence. The appellant contends that the appeal is from a final order.
Piecemeal appeals should not be permitted where the claims are legally interrelated, involve the same transaction, and where the same parties remain in the lawsuit. Kirkland By and Through Kirkland v. State, Department of Health and Rehabilitative Services, 489 So.2d 800 (Fla. 1st DCA 1986); Miami-Dade Water & Sewer Authority v. Metropolitan Dade County, 469 So.2d 813 (Fla. 3d DCA 1985), rev. denied, 482 So.2d 349 (Fla. 1986). In this instance, the comparative negligence claim is interrelated with the negligence claim. The same transaction  an automobile accident  is involved, in all counts, and the same parties remain in the suit.
The court in Kirkland restated the criteria used in Szewczyk v. BayShore Properties, 456 So.2d 1294 (Fla. 2d DCA 1984), for determining whether a partial summary judgment is a final appealable order:
(1) Could the cause of action disposed of by the partial summary judgment be maintained independently of other remaining causes of action? (2) Were one or more parties removed from the action when the partial final summary judgment was entered? (3) Are the counts separately disposed of based on the same or different facts?
489 So.2d at 801.
A final order, dismissing less than all of several interrelated claims which involve the same transaction and parties, is not appealable where there is any interrelated claim involving the same transaction and parties remaining in the suit. S.L.T. Warehouse Co. v. Webb, 304 So.2d 97 (Fla. 1974); Odham v. Mouat, 484 So.2d 95 (Fla. 1st DCA 1986).
Rule 9.110(k), Florida Rules of Appellate Procedure, states that partial final judgments are reviewable either on appeal from the partial final judgment or on appeal from the final judgment in the entire case. However, Rule 9.110(k) does not make all partial judgments immediately appealable, nor does it expand in any way the class of orders immediately appealable. Stein v. Hospital Corporation of America, 481 So.2d 1264 (Fla. 4th DCA 1986). Here, we conclude that the partial summary judgment is not a final appealable order. The order is also not appealable as a non-final order. It does not fit under any of the *41 categories set out in Rule 9.130 for review of non-final orders.
The appellee's motion to dismiss is, therefore, granted.
ANSTEAD, GLICKSTEIN and STONE, JJ., concur.