ALTENBERND, Judge.
The Department of Corrections appeals a nonfinal order granting rehearing from an earlier order dismissing one count of a multi-count complaint. The Department believes the order on rehearing is appeal-able as an order entered on a motion for relief from a final judgment. Fla.R.App.P. 9.130(a)(5). We dismiss this appeal for lack of jurisdiction because the order of dismissal is not a final judgment but only a nonfinal, nonappealable order. Thus, the appealed order is not an order entered pursuant to Florida Rule of Civil Procedure 1.540.
In June 1987, Ms. Ratliff filed a three-count complaint against the Department generally alleging that, while employed by the Department, she had been the victim of sexual harassment by her supervisor. Count I alleged an unlawful employment practice pursuant to section 760.10, Florida Statutes (1987). Count II alleged that the supervisor had falsely imprisoned her and that his acts were within the course and scope of employment. Count III alleged negligent retention by the Department of a dangerous employee, the supervisor. All three counts were factually interrelated.
The Department filed a motion to dismiss the complaint. On November 13, 1987, the trial court entered an order which dismissed count I of Ms. Ratliffs complaint for failure to satisfy the necessary conditions precedent to the maintenance of her claim. This order was apparently based upon Ms. Ratliffs failure to allege that she had filed a complaint with the Commission on Human Relations, as contemplated by section 760.10(10), Florida Statutes (1987). In this order, the trial court did not resolve the Department’s motion to dismiss as to counts II and III. Significantly, this order was a nonfinal order which was not appeal-able at that time under any of the options available in Florida Rule of Appellate Procedure 9.130.
On November 9, 1988, Ms. Ratliff filed a motion to “re-enter order” on grounds that her counsel had never received a copy of the order entered on November 13, 1987. She requested the trial court to re-enter the order so that she could appeal it. Initially, this motion was denied. Thereafter, Ms. Ratliff filed an amended complaint, which again alleged a violation of section 760.10, Florida Statutes (1987), and further alleged that all conditions precedent to the action had occurred or had been waived. She also moved for reconsideration of the order denying “re-entry” of the earlier order.
The Department moved to dismiss count I of the amended complaint on grounds that the order of November 13, 1987, was a final order dismissing the statutory cause of action and that Ms. Ratliff could not reallege this theory because she had not taken an appeal. On March 23, 1989, the trial court entered two orders which granted rehearing concerning Ms. Ratliffs motion to reenter order and denied the Department’s motion to dismiss count I of the amended complaint. In these orders, the trial court noted that the original order of dismissal had been without prejudice. It is these orders that the Department appeals as orders pursuant to rule 1.540.
Florida Rule of Appellate Procedure 9.130(a)(5) permits an appeal from an order entered on a motion “filed pursuant to Fla.R.Civ.P. 1.540....” Rule 1.540(b) permits the trial court to relieve a party from the effects of “a final judgment, decree, order, or proceeding” under certain circumstances. Rule 1.540, however, only governs relief from a final judgment, decree, order, or proceeding. It has no application to a trial court’s decision to modify or reconsider a nonfinal order prior to the entry of a final judgment. See Sterling Drug, Inc. v. Wright, 307 So.2d 494 (Fla.2d DCA 1975).
The record suggests that the parties mistakenly believe that the initial order dismissing count I is an appealable final order. Even if the order had contained the necessary language of finality, it is an order which merely dismisses one count of a multi-count, interrelated complaint. Under these circumstances, even a partial final judgment is not appealable unless it totally disposes of the entire case against a party. Fla.R.App.P. 9.110(k); Szewczyk v. Bay- *304 shore Properties, 456 So.2d 1294 (Fla.2d DCA 1984); Palm Beach Newspapers, Inc. v. Walker, 506 So.2d 39 (Fla. 4th DCA 1987).
Because the dismissal order is not a final order, the order granting relief from it is not an order pursuant to rule 1.540. Accordingly, we lack jurisdiction under rule 9.130. Since the nonfinal rehearing order is not otherwise appealable, this appeal is premature.
Dismissed.
RYDER, A.C.J., and PARKER, J., concur.