PER CURIAM.
This appeal involves a partial summary judgment and a factual issue as to the execution and delivery of an integrated agreement.
Appellant, as buyer, paid a $5,000 deposit and signed an “intent and commitment agreement” to buy a pizza distributorship from appellee, as seller. This agreement specifically provided it was contingent upon approval by the buyer’s family within two weeks. On the same day the buyer gave the seller a check for $45,000 and signed an unconditional “distributorship agreement” which contained a provision that it represented the entire agreement and all prior agreements were merged. Within a few days the buyer’s family disapproved the purchase, the buyer stopped payment on the $45,000 check and filed this five count action to recover the $5,000 deposit and for other relief. For answer and counterclaim the seller asserted the merger provision in the distributorship agreement and moved for summary judgment. The seller argued the factual disputes were irrelevant because the intent and commitment agreement with the family approval condition was merged into, and extinguished by, the subsequent unconditional distributorship agreement. The trial court entered a partial summary judgment in favor of the seller as to three counts of the complaint and a final summary judgment in favor of the seller as to the seller’s counterclaim for *352 $90,000 due on the distributorship agreement. The buyer appeals. We dismiss the buyer’s appeal as to the partial summary judgment as to the three counts and reverse the final summary judgment in favor of the seller’s counterclaim.
The buyer’s five counts are interrelated claims constituting five theories of recovery all between the same two parties and relating to the same business transaction. The partial summary judgment disposed of but three of these five counts. Under these circumstances the partial summary judgment as to the dismissed counts is not appealable at this time and that part of the appeal is dismissed. See S.L.T. Warehouse Company v. Webb, 304 So.2d 97 (Fla.1974); Duffy v. Realty Growth Investors, 466 So.2d 257 (Fla. 5th DCA 1985); One Thousand Oaks, Inc. v. Dade Savings and Loan Association, 417 So.2d 1135 (Fla. 5th DCA 1982); Palm Beach Newspapers, Inc. v. Walker, 506 So.2d 39 (Fla. 4th DCA 1987); Taddie Underground Utility Company, Inc. v. Sloan Pump Company, Inc., 497 So.2d 701 (Fla. 2d DCA 1986); Kirkland v. H.R.S., 489 So.2d 800 (Fla. 1st DCA 1986).
In contrast, the summary judgment as to the seller’s counterclaim is appealable as a final order or as a non-final order determining the issue of liability in favor of a party seeking affirmative relief (under Florida Rule of Appellate Procedure 9.130(a)(3)(C)(iv).
Under the seller’s “merger” doctrine, representations, negotiations and conversations which precede and accompany the making of a contract are presumed to have merged into the contract.[1] Further, evidence that would contradict, add to, or subtract from or affect the construction of a valid, complete and unambiguous written instrument is inadmissible under the parol evidence rule.[2]
However, evidence is admissible to show that a written document, unconditional on its face and fully executed, was delivered subject to a condition precedent. Ketchian v. Concannon, 435 So.2d 394 (Fla. 5th DCA 1983). As long as the condition has not occurred, no contract has been made. Therefore, oral proof of the conditional delivery is admissible in spite of the face of the document to the contrary. As this court in Ketchian explained:
The reason underlying this exception to the parol evidence rule is that oral evidence is generally permitted to be introduced to show that the parties, prior to or at the time they made a written contract of sale, entered into an agreement that such contract of sale should become operative only on the occurrence of a certain condition or contingency, the theory being that such evidence only goes to prove that the instrument never matured as a valid obligation, and hence there could be no modification or variance or contradiction of it as such.
435 So.2d at 395.
The affidavits of the seller’s agent and the buyer demonstrate a factual dispute as to whether the distributorship agreement was conditionally executed and delivered to the seller with the condition being approved by the buyer’s family; this being the same expressed condition as in the merged “intent and commitment agreement.” Because there is a genuine issue of material fact as to the conditional nature of the execution and delivery of the distributorship agreement the summary judgment as to the seller’s counterclaim is reversed for further proceedings.
The buyer’s claim for attorney’s fees is denied because (1) the buyer has only won this appellate round and is not yet the prevailing party in the whole or substantial part as to the final determination *353 of this case and (2) the buyer prevails in this appeal only on the argument that a genuine issue of material fact existed as to whether the distributorship agreement containing the provision for attorney’s fees never became a binding agreement because it was executed and delivered subject to a condition that never occurred.
The buyer’s motion for attorney’s fees is denied. The appeal of the partial summary judgment in favor of the seller as to Counts 1, 2 and 3 of the complaint is dismissed. The final summary judgment in favor of the seller on the seller’s counterclaim is reversed and the cause remanded for further proceedings.
APPEAL DISMISSED in part and REVERSED in part; cause remanded.
DAUKSCH, COWART and PETERSON, JJ., concur.

. Carlon, Inc. v. Southland Diversified Company, 381 So.2d 291 (Fla. 4th DCA 1980); Financial Federal Savings and Loan Association of Dade County v. Continental Enterprises, Inc., 338 So.2d 907 (Fla. 3d DCA 1976); Windowmaster Corporation v. Jefferson Construction Company, 114 So.2d 626 (Fla. 3d DCA 1959).

. Lemon v. Aspen Emerald Lakes Associates, Ltd., 446 So.2d 177 (Fla. 5th DCA 1984); Carlon; Sears v. James Talcott, Inc., 174 So.2d 776 (Fla. 2d DCA 1965).