642 So.2d 124 (1994)
Sara PELLEGRINO, a minor, by and through her natural guardians, Richard PELLEGRINO and Susan Pellegrino, Appellants,
v.
Jeffrey HORWITZ, M.D., et al., Appellee.
No. 93-0999.
District Court of Appeal of Florida, Fourth District.
September 9, 1994.
*125 Scott Newmark of Sheldon J. Schlesinger, P.A., Fort Lauderdale, for appellants.
Gary M. Farmer, Jr. and George E. Bunnell of Bunnell, Woulfe & Keller, P.A., Fort Lauderdale, and John D. Kelner of Law Offices of John D. Kelner, Miami, for appellees Horwitz, South Broward Hosp. Dist. and Mount Sinai Medical Center.
PARIENTE, Judge.
In this medical malpractice action, appellants (plaintiffs) appeal an order dismissing one count of a nine count complaint. We dismiss the appeal because there is a remaining count against the same appellees (defendants) arising out of the same set of facts, even though the counts involve different legal theories. We therefore do not at this time reach the substantive question of whether the trial court properly dismissed the breach of contract count which was based on a third party beneficiary theory.
Plaintiffs brought a nine count complaint against four physicians and two hospitals for injuries alleged to be sustained as a result of the surgical procedure performed on their minor daughter. The relevant counts for this appeal concern defendants, Mount Sinai Medical Center (Mount Sinai), Memorial Hospital (Memorial) and Dr. Jeffrey Horwitz (Dr. Horwitz). In one count, plaintiffs allege a cause of action for breach of contract against Dr. Horwitz, Mount Sinai and Memorial claiming the minor plaintiff was the intended third party beneficiary of a surgical residency agreement between Memorial and Mount Sinai. In the preceding count, plaintiffs allege negligence in the treatment and care of the minor plaintiff on the part of Dr. Horwitz. Mount Sinai and Memorial are parties to the negligence count based on respondeat superior.
Both counts are based on Dr. Horwitz's treatment of the minor plaintiff. In fact, the factual allegations of the two counts are virtually identical; only the legal theories vary. In the tort count, plaintiffs state the treatment of their daughter was a deviation from acceptable standards of care; in the contract count, plaintiffs state defendants breached the contract by virtue of the rendered treatment.
Defendants moved to dismiss the contract count claiming the minor plaintiff was, at best, an incidental, rather than an intended, third party beneficiary of the surgical residency agreement. The trial court agreed and dismissed the contract count with prejudice. However, the negligence count against defendants remained.
An appeal from an order dismissing one count of a complaint, where other counts against the same parties remain, is authorized only when the dismissed count arises from a separate and distinct transaction independent of the other pending pleaded claims. Mendez v. West Flagler Family Ass'n, 303 So.2d 1 (Fla. 1974). The supreme court in Mendez set forth the limited exception:
We adhere to the rule that piecemeal appeals should not be permitted where *126 claims are legally interrelated and in substance involve the same transaction. However, when it is obvious that a separate and distinct cause of action is pleaded which is not interdependent with other pleaded claims, it should be appealable if dismissed with finality at trial level and not delayed of appeal because of the pendency of other claims between the parties.
303 So.2d at 5. Final orders dismissing fewer than all of several interrelated claims involving the same transaction and parties are not appealable. See Palm Beach Newspapers, Inc. v. Walker, 506 So.2d 39 (Fla. 4th DCA 1987).
Plaintiffs argue that the contract claim is not legally interrelated to the tort claim because the legal elements and principles for breach of contract differ from those governing negligence. As a result, the jury would be instructed on a different legal standard for the breach of contract count; a jury could find defendants liable under a contract theory while exonerating defendants for negligence because of the differing standard. For this reason plaintiffs assert that the claims are not legally interrelated within the meaning of Mendez, even though the claims involve the same transaction  the treatment and care of the minor plaintiff.
We reject plaintiffs' position that the term "legally interrelated" as used in Mendez is synonymous with severability of, distinction between or variation in legal theories. We do agree with plaintiffs that each count sets forth a different legal theory. However, pleading or proving differing legal theories does not establish that the counts are separate and distinct for the purpose of appealability where the counts arise from a set of common facts; otherwise, the limited exception for an interlocutory appeal would consume the rule.
The second district addressed plaintiffs' "common misconception" concerning appealability of an order dismissing a single count:
If a partial judgment were considered a final judgment just because it disposed of a different cause of action containing different elements virtually every partial judgment could be appealed. This is because, technically, every different count or counterclaim has some different elements. However, subsequent cases reaffirm the above-quoted language in Mendez and make it clear that the cause of action must be separate and distinct, not just different. See cases cited in Haddad, Partial `Final' Judgments: A Persistent Problem in Appellate Practice, 53 Fla.Bar J. 204 (Apr. 1979). Here the disposed of and remaining causes of action are interrelated, and therefore, there is no appealable final judgment.
Taddie Underground Utility Co. v. Sloan Pump Co., 497 So.2d 701, 702 (Fla. 2d DCA 1986).
Under Florida Rule of Appellate Procedure 9.110(k), which became effective January 1, 1985, partial final judgments are reviewable either on appeal from the partial final judgment or from the final judgment in the case. The intent of this rule was to permit an appeal either at the end of the entire case or at the time the final judgment was rendered. The rule was amended to avoid the "Mendez trap;" Mendez required the immediate appeal of those partial judgments that were in fact unrelated to remaining portions of the case and did not permit the adverse party to wait until the conclusion of the case. Prior to the amendment, if a party believed that the order was within the narrow Mendez exception, caution dictated taking an immediate appeal.
The amendment relates to timing of appeals and is not a substantive modification of the right to appeal. It "does not make all partial judgments immediately appealable nor does it expand in any way the class of orders immediately appealable." Bay & Gulf Laundry Equip. Co. v. Chateau Tower, Inc., 484 So.2d 615, 616 (Fla. 2d DCA 1985); Palm Beach Newspapers; Stein v. Hosp. Corp. of America, 481 So.2d 1264 (Fla. 4th DCA 1986).
Here, both the contract count and the tort count involve the same transaction and the same set of common facts  the treatment and care of the minor plaintiff and the resulting injuries. The fact that one count sounds in tort and the dismissed count sounds in contract, and thus may involve different elements *127 of proof, does not render the order of dismissal appealable. See Odham v. Mouat, 484 So.2d 95 (Fla. 1st DCA 1986).
Therefore, this appeal is hereby dismissed without prejudice to plaintiffs seeking appellate review upon conclusion of the case.
DISMISSED.
WARNER, J., and SMITH, FREDRICKA, Associate Judge, concur.