HARRIS, J.,
dissenting.
I respectfully dissent.
I cannot tell from reading the trial court’s Final Summary Judgment whether it found Guetzloe’s defense to the promissory note unavailing because of the parol evidence rule or because, after reading the defense, the court concluded that it could not pass the straight-face test. If the court’s reason was the former, it was in error; if the latter, it was premature.
Guetzloe alleged that the note, admittedly proper in form, was never intended to be enforceable. He contended that although over the years he had indeed received from plaintiff the amount represented by the note, he had repaid the obligation prior to the execution of the note by performing certain services and that the note was executed solely for “tax purposes.” Hence, he has alleged a conditional delivery of the note — the condition being that the note could be used in any way plaintiff desired for tax purposes so long as it could not be enforced against Guetzloe.
One can see how the trial judge might have envisioned the drafter of the defense having a face distorted by a grin from ear to ear (would an, adult really execute and deliver a note if there existed no- obligation?), but, on the other hand, there are certain circumstances that might support the claim. First, the long period between breach and suit. Although interest was required on a quarterly basis, no payment was ever made. The initial default preceded this action by well over five years. Second, the voluntary dismissal of the previous action on the note. Finally, the fact that plaintiff waited so long to attempt to enforce the note that he forfeited substantial interest because of the application of the statute of limitations. But in any event, the truth of the allegations is a' question of fact that must be determined by the fact finder at trial and not by the judge on summary judgment.
Concerning the parol evidence rule, this court has determined that as between the original parties to the instrument, parol evidence may be used to show a conditional delivery of the instrument and that the condition was not fulfilled. We said in *468 Ketchian v. Concannon, 435 So.2d 394, 396 (Fla. 5th DCA 1983):
In the instant case, the appellant attempted to present evidence at trial of a condition precedent (the assumption of the nine percent mortgage) to the effectiveness of the promissory note. This oral agreement did not modify the terms of the note, but rather made the note’s effectiveness contingent on the happening of a specific event. Under the law ... the admission of this evidence would not violate the parol evidence rule.
Guetzloe, in this case, is not claiming a condition precedent but rather is urging that the note was a nullity from the beginning and was never intended to be a binding obligation. In Herzog Contracting Corp. v. McGowen Corp., 976 F.2d 1062 (7th Cir.1992), the court considered a case similar to ours. There, the obligor alleged the purpose of the note was merely to “fool the Internal Revenue Service.” The court held:
At all events, to allow parol evidence to expose a sham case such as this is alleged to be would make no greater inroads into the parol evidence rule than the cases on conditions precedent do. McGowen is not trying to change the terms in the promissory notes, but to show that the notes were not in fact intended to create a legally enforceable obligation.
Whether Guetzloe can prove his case at trial is not before us; whether he is barred by the parol evidence rule from claiming plaintiff committed fraud in the inducement by requesting the note only for tax purposes is. In my view, the parol evidence rule is inapplicable to the facts of this case.