PER CURIAM.
Petitioners seek review of a partial final summary judgment. When the order was entered, it disposed of all claims involving the respondent. However, before the time had run for filing the notice of appeal, petitioners were allowed to amend their pleadings to allege a new cause of action arising out of the same transaction. By the time they sought review in this court, the case was no longer entirely disposed of as to the respondent, so the summary judgment was not a final, appealable order within the meaning of Florida Rule of Appellate Procedure 9.110(k).
We dismiss the petitions seeking certio-rari review or a writ of mandamus because the petitioners will have an adequate remedy on plenary appeal when a final order is entered on their new claims against respondent. Allowing review at this point would be contrary to Florida’s policy of avoiding piecemeal appeals. Pellegrino By and Through Pellegrino v. Horwitz, 642 So.2d 124, 126 (Fla. 4th DCA 1994); Mendez v. West Flagler Family Association, Inc., 303 So.2d 1 (Fla.1974). Dismissal is therefore without prejudice to the rights of the parties to file a timely notice of appeal once a final order is rendered in the case below.
WARNER, C.J., GUNTHER and HAZOURI, JJ., concur.