976 So.2d 1151 (2008)
John H. PERRY, III, Stanton S. Perry, and Henry A. Perry, Appellants,
v.
J. Helena PERRY, Appellee.
No. 4D07-601.
District Court of Appeal of Florida, Fourth District.
March 5, 2008.
*1152 James G. Pressly, Jr. of Pressly & Pressly, P.A., West Palm Beach, for appellants.
Edward Downey of Downey & Downey, P.A., Palm Beach Gardens, for appellee.
PER CURIAM.
This appeal is from an order dismissing one count of a multi-count complaint in a probate proceeding. The amended complaint sought to revoke probate of either part or all of the decedent's will, based on theories of breach of a contract to make a will, undue influence, and lack of testamentary capacity. The trial court dismissed only Count I, which alleged the "breach of a contract to make a will" theory. We dismiss this piecemeal appeal of that order dismissing that single count.
John Perry, Jr. was the beneficiary of a power of appointment granted to him under the Last Will and Testament of his father, John Perry, Sr. On October 21, 1966, John Perry, Jr. executed a Stipulation In Re Alimony, Maintenance, Child Support, and Support dated October 21, 1966, which was then incorporated into a final decree of divorce dated October 28, 1966. In that stipulation, Perry agreed that in the event he exercised the power of appointment granted to him under his father's will, he would designate his sons as the beneficiaries. By agreement of October 11, 1979, and a subsequent supplemental agreement dated April 2, 1985, the decedent agreed not to exercise this power of appointment in favor of his surviving spouse.
John Perry, Jr. executed his Last Will and Testament on May 4, 2004. Article IV of the Will purports to exercise the power of appointment over his father's trust in favor of his surviving spouse, J. Helena Perry. John Perry, Jr. died on May 16, 2006. Perry's will was admitted to probate and the decedent's wife at the time of his death, J. Helena Perry, was issued letters of administration in her capacity as personal representative of the estate.
The three sons from Perry's first marriage, John III, Henry, and Stanton, then filed a petition in the estate, naming J. Helena Perry as a respondent. Subsequently, they filed an amended petition. In Count I of that petition, the sons allege that, based on the two agreements previously outlined, the decedent had agreed that his exercise of the power of appointment must be in favor of the sons and further agreed that he would not exercise the power of appointment in favor of his surviving spouse. The sons prayed that the court would revoke probate of Article IV of the Will and declare its provisions void. The remaining counts of the petition allege: 1) undue influence as to Article IV of the Will and 2) undue influence and lack *1153 of testamentary capacity as to the Will as a whole.
Acting pursuant to the motion of the personal representative, the trial court dismissed Count I of the amended petition with prejudice based on "standing." The sons appeal from that order.
Piecemeal appeals are not permitted where claims are legally interrelated and substantively involve the same transaction. Mendez v. W. Flagler Family Ass'n, 303 So.2d 1, 5 (Fla.1974); Palm Beach Newspapers v. Walker, 506 So.2d 39, 40 (Fla. 4th DCA 1987). The test to determine whether counts of a multi-count complaint are so interrelated as to preclude a piecemeal appeal is: "whether the counts arise from a set of common facts or a single transaction, not whether different legal theories or additional facts are involved in separate counts." Massachusetts Life Ins. Co. v. Crapo, 918 So.2d 393, 394 (Fla. 1st DCA 2006) (emphasis omitted) (quoting Lemon v. Groninger, 708 So.2d 1025, 1027 (Fla. 5th DCA 1998)).
In this case, each count rests on the common, single transaction  the decedent's execution of a will which exercised the power of appointment in favor of the decedent's wife rather than his sons.
Appeal dismissed.
SHAHOOD, C.J. and TAYLOR, J., concur.
FARMER, J., concurs with opinion.
FARMER, J., concurring specially.
Appellants are appealing an order dismissing their petition to revoke probate in which they challenge only a specific provision in the last will of the decedent.[1] They claim that the dismissal "was on the basis that the probate proceedings cannot determine whether a provision is invalid on grounds of breach of contract," citing an order of dismissal. The order cited does not support their contention that this presents an issue of subject matter jurisdiction. In fact the order contains no explanation or reasons for the dismissal but does refer to an earlier order. The earlier order in turn states:
"Florida courts have held that . . . the proper remedy for an alleged breach of a contractual provision in a will is an independent civil action for breach of contract. See Johnson v. Girtman, 542 So.2d 1033, 1035 (Fla. 3d DCA 1989); In re Estate of Algar, 383 So.2d 676, 677-78 (Fla. 5th DCA 1980); Sharps v. Sharps, 219 So.2d 735, 737 (Fla. 3d DCA 1969)."
Essentially these cases stand for the proposition that a will leaving property to someone to carry out a contractual duty is revocable even though the revocation breaches the contract, and so the remedy is an independent action for breach of contract.
Reading between the lines, I suspect that for some members of the Probate Bar any issue as to whether a will may be probated raises a question of subject matter jurisdiction. If so, the unspoken premise for that conclusion is lost on me. It strikes me that any determination as to what can be probated is a classical exercise of probate jurisdiction. So I see no support for the contention that subject matter jurisdiction was involved in this dismissal.[2]
Having recognized that the jurisdictional theory behind the appeal is unavailing, it does occur to me that review of this order *1154 allowing probate of the provision might be possible on another theory. Appellants consistently describe their claim for revocation of probate as relating to a breach of a contract duty to make a certain disposition in a will. Actually, the record given us suggests something different. A final judgment of the Circuit Court in Martin County, dated 28 October 1966, ordered the decedent "to conform to and carry out each of the stipulations and agreements" in a marital settlement agreement made one week earlier in divorce litigation. By that order, the contractual duty became a binding judgment imposing a permanent injunction barring any other disposition of the power of appointment. That disposition of the power arguably became res judicata. Whether a Florida circuit court could later refuse to enforce that injunctive judgment presents a question to my mind categorically different from whether the court can or should probate a will breaching a contract duty not yet reduced to judgment. But this theory was not raised below and is not advanced here.
Appellee contends that appellants have mistakenly classified their essential argument  whether decedent's will provision exercising the power to appoint the takers under a trust set up by decedent's father years ago is enforceable in probate. She argues this is actually an issue of construction of the will, as for example when a probate court voids a will provision because it would violate the rule against perpetuities. She implicitly concedes that there are occasions when a probate court can, for a legally sufficient reason, refuse to enforce or carry out an unambiguous provision of a will.
As appellee's example suggests, a bequest in violation of the rule against perpetuities is in opposition to the law of descent and distribution.[3] Probate courts have a long tradition of refusing to carry out will provisions involving some attendant illegality in the distribution of decedent's property. Another example  much beloved of the jurisprudes[4]  is Riggs v. Palmer, 115 N.Y. 506, 22 N.E. 188 (1889), which held that the laws governing probate of wills and the distributions of estates, even though plainly requiring otherwise, will not be enforced to secure the benefit of a will to a legatee who has killed the testator in order to prevent a revocation of the will.
In this case, a substantial issue might be raised as to whether the probate court could properly enforce a will provision made in direct violation of a permanent injunction in a final judgment commanding the decedent to dispose of another person's property in a certain way. If a court of competent jurisdiction has already determined by permanent injunction that decedent may name only his children by an earlier marriage under the power of appointment, by what theory may the Probate Judge enforce a willful violation of that injunction? After all, a violation of a permanent injunction is as much a violation of the law as a bequest extending beyond the period of perpetuities.[5]
*1155 That in turn leads me to point out that the will provision at issue in this case does not appear to involve property of the decedent himself, to which his surviving spouse might have a proper claim by elective share. See Via v. Putnam, 656 So.2d 460 (Fla.1995) (holding that widow's elective share is payable before claims of creditors under a contract to make a will). In this instance, by exercising the power of appointment to name the takers of his father's trust, the decedent was not disposing of his own property that he could validly bequeath to his widow. He was instead acting in a fiduciary capacity with regard to the final disposition of his father's property left in trust. The assets represented by the power were not decedent's, from which a widow's share might be collected; the trust assets from his father were not his own property to dispose of in any way he chose. In three separate written instruments, he had committed himself to naming his children by an earlier marriage to receive the assets intended for them by their grandfather. The first of those written agreements was enforced by the permanent injunction in the final judgment of divorce.
Appellants should be allowed to amend their pleadings to state all possible theories arising from the failure of the decedent to perform his duty under the prior judgment to name his father's grandchildren as takers under the power of appointment reposed in decedent by his father.
NOTES
[1] Appellee responds that the issue for review is instead whether "there is [any] cause of action to revoke probate of a will based upon a `breach of contract to make a will' theory."
[2] If it were truly a decision as to subject matter jurisdiction, I would be prepared to treat the appeal as a petition for writ of mandamus to direct the judge to exercise jurisdiction validly possessed. That is not appropriate here.
[3] The common law rule against perpetuities has been replaced in Florida by statute. See § 689.225(7), Fla. Stat. (2007).
[4] These legal philosophers cite Riggs as one of the chief examples of the incoherence of law  that is to say that opposing outcomes in legal disputes may both be justified by the legal corpus and that, contrary to the positivists, law is not a prediction of what a judge will do in a given case.
[5] The theory of the cases cited by the Probate Judge's order is that a prior will carrying out a contractual duty is nevertheless revocable. But when a duty has been made the subject of a permanent injunction binding the testator to comply, can it be said that any extant will so complying is revocable in the same way as when the duty is merely contractual but not reduced to judgment?