PER CURIAM.
 

 The appellants, Robert Flinn and Frances Flinn (the “Flinns”), appeal the trial court’s entry of a final summary judgment as to count one of the appellee’s, Catherine Flinn (“Catherine”), four-count complaint. Because we find that count one, requesting a declaratory judgment, is interrelated with the remaining three counts of the complaint, we dismiss this appeal for lack of jurisdiction for the reasons explained below.
 

 Catherine filed a complaint related to a piece of property she owned along with the Flinns. Count one asked the trial court for a declaratory judgment determining what rights each party had in the property based on the language of the warranty deed. Count two requested the trial court to reform the language of the warranty deed to reflect the grantor’s true intent. Counts three and four sought a partition and accounting of the property. The trial court issued a final summary judgment as
 
 *425
 
 to count one only. The trial court’s interpretation of the warranty deed language was essentially the same as the reformation sought by Catherine in count two. However, counts three and four remained unresolved when the Flinns filed this appeal.
 

 It is a long-held policy of the courts of this state that piecemeal appeals are not permitted where claims are “legally interrelated and in substance involve the same transaction.”
 
 Mendez v. W. Flagler Family Ass’n,
 
 303 So.2d 1, 5 (Fla.1974). “The test to determine whether counts of a multi-count complaint are so interrelated as to preclude a piecemeal appeal is whether the counts arise from a set of common facts or a single transaction, not whether different legal theories or additional facts are involved in separate counts.”
 
 Perry v. Perry,
 
 976 So.2d 1151, 1153 (Fla. 4th DCA 2008) (citation and internal quotation marks omitted).
 

 It is clear that the declaratory judgment sought in count one is interrelated with the other three counts. Count two was effectively rendered moot by the trial court’s interpretation of the deed in the declaratory judgment. Thus, the outcome of count two was directly dependent on the outcome of count one. Counts three and four could only proceed after the trial court determined the parties’ rights in the property and, if it became necessary, reformed the deed. Therefore, counts three and four were also dependent on the results of count one and possibly count two.
 

 The Flinns argue that the partition claim is an “independent and separate
 
 statutory
 
 cause of action.” However, this court has long ago dispensed with the notion that “the term ‘legally interrelated’ ... is synonymous with severability of, distinction between or variation in legal theories.”
 
 Pellegrino v. Horwitz,
 
 642 So.2d 124, 126 (Fla. 4th DCA 1994). “[PJleading or proving differing legal theories does not establish that the counts are separate and distinct for the purpose of appealability where the counts arise from a set of common facts; otherwise, the limited exception for an interlocutory appeal would consume the rule.”
 
 Id.
 

 We conclude that the final summary judgment as to count one’s request for declaratory relief is interrelated with the complaint’s remaining three counts.
 

 Dismissed.
 

 CIKLIN, LEVINE, JJ., and THORNTON, JOHN W., JR., Associate Judge, concur.